IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ANTHONY VINES and DOMINIQUE**          **PLAINTIFFS**
**LEWIS, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                  No. 4:18-cv-509-BRW

**WELSPUN PIPES, INC.;  WELSPUN**          **DEFENDANTS**
**TUBULAR LLC; and WELSPUN USA INC**

## FIRST AMENDED AND SUBSTITUTED
## COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Anthony Vines and Dominique Lewis ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, for their First Amended and Substituted Complaint—Class and Collective Action against Defendants Welspun Pipes, Inc., Weslpun Tubular LLC, and Welspun USA Inc ("Defendants"), they do hereby state and allege as follows:

### I.        PRELIMINARY STATEMENTS

1.        This is a class action and a collective action brought by Plaintiffs Anthony Vines and Dominique Lewis, individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.        Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages,

Page 1 of 21
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW
First Amended and Substituted Complaint—Class and Collective Action

prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

4.      The purpose of this amendment is to add claims against Defendants due to their method of rounding the time recorded by Plaintiffs and those similarly situated.

## II.      JURISDICTION AND VENUE

5.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

7.      Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8.      The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9.      Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

10.     The witnesses to overtime wage violations alleged in this Complaint reside in this District.

**Page 2 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

11.    On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III.    THE PARTIES

12.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Plaintiffs are residents and citizens of Pulaski County.

14.    Plaintiff Vines was employed by Defendant as an hourly-paid employee from approximately October of 2014 until July of 2018.

15.    Plaintiff Lewis was employed by Defendant within the three years relevant to this lawsuit.

16.    At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

17.    Defendant Welspun Pipes, Inc., is a foreign corporation, registered and licensed to do business in the State of Arkansas.

18.    Defendant Welspun Pipes, Inc.'s registered agent for service of process in Arkansas is Rajesh Chokhani, 9301 Frazier Pike, Little Rock, Arkansas 72206.

19.    Defendant Welspun Pipes, Inc., is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

20.    Defendant Welspun Pipes, Inc., is a leading supplier of various types of pipes to the oil and gas industry, producing Longitudinal, Spiral and HFERW/HFIW pipes to create pipelines for various oil and gas companies around the world.

**Page 3 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

21.     Defendant Welspun Pipes, Inc., operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

22.     During the time period relevant to this case, Plaintiffs were employed at Defendant Welspun Pipes, Inc.'s manufacturing facility in Little Rock.

23.     Defendant Welspun Pipes, Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture wind blades, machinery and tools.

24.     Defendant Welspun Pipes, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the Defendant Welspun Pipes, Inc., is a foreign corporation, registered and licensed to do business in the State of Arkansas.

25.     Defendant Welspun Tubular LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

26.     Defendant Welspun Tubular LLC's registered agent for service of process in Arkansas is Rajesh Chokhani, 9301 Frazier Pike, Little Rock, Arkansas 72206.

27.     Defendant Welspun Tubular LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

**Page 4 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

28.     Defendant Welspun Tubular LLC is a leading supplier of various types of pipes to the oil and gas industry, producing Longitudinal, Spiral and HFERW/HFIW pipes to create pipelines for various oil and gas companies around the world.

29.     Defendant Welspun Tubular LLC operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

30.     During the time period relevant to this case, Plaintiffs were employed at Defendant Welspun Tubular LLC's manufacturing facility in Little Rock.

31.     Defendant Welspun Tubular LLC has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture wind blades, machinery and tools.

32.     Defendant Welspun Tubular LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

33.     Defendant Welspun USA Inc is a foreign corporation, registered and licensed to do business in the State of Arkansas.

34.     Defendant Welspun USA Inc's registered agent for service of process in Arkansas is the Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

**Page 5 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

35.    Defendant Welspun USA Inc is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

36.    Defendant Welspun USA Inc is a leading supplier of various types of pipes to the oil and gas industry, producing Longitudinal, Spiral and HFERW/HFIW pipes to create pipelines for various oil and gas companies around the world.

37.    Defendant Welspun USA Inc operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

38.    During the time period relevant to this case, Plaintiffs were employed at Defendant Welspun USA Inc's manufacturing facility in Little Rock.

39.    Defendant Welspun USA Inc has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture wind blades, machinery and tools.

40.    Defendant Welspun USA Inc's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

41.    Defendant's Welspun Pipes, Inc., Welspun Tubular LLC and Welspun USA, Inc. jointly operate the manufacturing facility at which Plaintiffs and other potential collective and class members were employed.

Page 6 of 21
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW
First Amended and Substituted Complaint—Class and Collective Action

42.     Defendants, together, have unified control over employees and jointly exercise authority over Plaintiffs and other employees, set the pay policy applicable to Plaintiffs and other employees and control the work schedule of Plaintiffs and other employees.

## IV.    FACTUAL ALLEGATIONS

43.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

44.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendants as hourly-paid employees.

45.     Plaintiffs and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

46.     Plaintiffs and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

47.     Plaintiffs and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendants.

48.     The payroll system used by Defendants rounded hours worked by Plaintiffs and other hourly-paid employees in favor of Defendants.

49.     For example, if an hourly-paid employee clocked in at 8:15 am, the payroll system recorded his or her start time as 8:30 am. Likewise, if an hourly-paid employee clocked out at 5:15 pm, Defendants' payroll system recorded his or her end time as 5:00 pm.

**Page 7 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

50.     The rounding in Defendants' time keeping system resulted in several hours of unpaid work each month for Plaintiffs and other hourly-paid employees.

51.     Plaintiffs and other hourly-paid employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

52.     In addition, Defendants paid Plaintiffs and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

53.     When calculating Plaintiffs' and other hourly-paid employees' bonuses, Defendants did not include the unpaid time that was rounded out by Defendants' payroll system.

54.     Defendants did not include the bonuses and cash awards paid to Plaintiffs and other hourly-paid employees in their regular rates of pay when calculating their overtime pay.

55.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

56.     Defendants violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiffs and other hourly-paid employees in their regular rate when calculating their overtime pay.

Page 8 of 21
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW
First Amended and Substituted Complaint—Class and Collective Action

57.     Plaintiffs worked for Defendants at Defendants' facility in Little Rock (hereinafter the "Little Rock facility") and Defendants' pay practices were the same for all hourly workers at the Little Rock facility.

58.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendants' corporate headquarters.

59.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other hourly-paid employees violated the FLSA and AMWA.

60.     Defendants' hourly-paid employees were classic manual laborers, working with machinery and equipment to produce Defendants' products in a factory setting.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

61.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

62.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Plaintiffs bring their FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

**Page 9 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

64.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

65.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They recorded their time in the same manner;

E.      They were subject to Defendants' common policy of rounding time worked in Defendants' favor; and

D.      They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

66.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 500 persons.

67.     Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell

**Page 10 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

68.    Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69.    Plaintiffs propose to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

70.    Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to include non-discretionary bonuses in its calculation of overtime pay, Defendants paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

71.    Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

72.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as

**Page 11 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

73.     Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 500 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

74.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

75.     Concentrating the litigation in this forum is highly desirable because Defendants' Little Rock facility is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

76.     No difficulties are likely to be encountered in the management of this class action.

77.     The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

78.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

79.     Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

**Page 12 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

80.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

56.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     During the period relevant to this lawsuit, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

59.     Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

60.     Defendants' failure to properly pay overtime wages to Plaintiffs stems from Defendants' acts of illegally rounding hours worked by Plaintiffs in Defendants' favor and not paying Plaintiffs for all hours worked.

**Page 13 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

61.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

62.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

65.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

66.     Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

67.     Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

**Page 14 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

68.     During the period relevant to this lawsuit, Defendants classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

69.     Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

70.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

71.     In the past three years, Defendants have employed hundreds of hourly-paid employees.

72.     Like Plaintiffs, these hourly-paid employees regularly worked more than forty (40) hours in a week.

73.     Defendants failed to pay these workers at the proper overtime rate.

74.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

75.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly

**Page 15 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

77.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

78.     Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated in this section.

79.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

80.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81.      Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82.     Defendants failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

83.     Defendants' failure to properly pay overtime wages to Plaintiffs stems from Defendants' acts of illegally rounding hours worked by Plaintiffs in Defendants' favor and not paying Plaintiffs for all hours worked.

**Page 16 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

84.     Defendants' failure to include non-discretionary bonuses in Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

85.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

86.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

87.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

88.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

89.     Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

90.     At all relevant times, Defendants have been, and continue to be,  "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

**Page 17 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

91.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

92.     Defendants failed to pay Plaintiffs and members of the proposed class all overtime wages owed, as required under the AMWA.

93.     Defendants' failure to include non-discretionary bonuses in Plaintiffs' and members of the proposed class's overtime pay resulted in a failure to pay Plaintiffs and members of the proposed class full and complete overtime during weeks in which Plaintiffs and members of the proposed class worked more than forty (40) hours.

94.     Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

95.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

96.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

97.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA,

**Page 18 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Anthony Vines and Dominique Lewis respectfully pray that Defendants be summoned to appear and to answer herein as follows:

(A)    That Defendants be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B)    A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)    A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

**Page 19 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendants to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

**Page 20 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**

Respectfully submitted,

**ANTHONY VINES and DOMINIQUE LEWIS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com


## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing AMENDED COMPLAINT was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

Gregory J. Northen, Esq.
J. Bruce Cross, Esq.
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Tel.: 501-371-9999
gnorthen@cgwg.com
bcross@cgwg.com

*/s/ Josh Sanford*
**Josh Sanford**

**Page 21 of 21**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-509-BRW**
**First Amended and Substituted Complaint—Class and Collective Action**