

JOSH SANFORD [1, 2, 4, 5]
ANNA SANFORD STIRITZ
VANESSA KINNEY [2]
LYDIA HAMLET [3]
CHRISTOPHER BURKS
STEVE RAULS
ALLISON KOILE
JOSHUA WEST
STACY GIBSON
REBECCA MATLOCK
APRIL RHÉAUME
DANIEL FORD
BLAKE HOYT
SEAN SHORT

OF COUNSEL:
KIRSTEN C. SANFORD
Also licensed in: 1-Colorado 2-Michigan
3-Mississippi 4-North Dakota 5-Texas

SANFORD LAW FIRM
AN ARKANSAS PROFESSIONAL LIMITED LIABILITY COMPANY

**RUSSELLVILLE OFFICE:**
103 West Parkway Avenue, Suite C
Post Office Box 39
Russellville, Arkansas 72811
Telephone: (479) 880-0088
Facsimile: (888) 787-2040
Email: lydia@sanfordlawfirm.com

**LITTLE ROCK OFFICE:**
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
Email: chris@sanfordlawfirm.com

June 25, 2019

**VIA EMAIL ATTACHMENT**
**FOR SETTLEMENT PURPOSES ONLY**
**FRE 408 COMMUNICATION**
bcross@cgwg.com
gnorthen@cgwg.com

Gregory J. Northen, Esq.
J. Bruce Cross, Esq.
Cross, Gunther, Witherspoon
& Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201

   Re: Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
      U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW

Dear Greg and Bruce,

Thank you for providing us with the payroll records (and more importantly, the payroll summary) for Plaintiffs and opt-in Plaintiffs in this case. We understand that was no small project. We appreciate the efforts that are being made to resolve this matter without expensive litigation. We have completed our initial review of those documents, and we make the following settlement demand.

Based upon the payroll summary that you provided, which we are assuming for the purposes of settlement has been calculated correctly, the damages suffered by Plaintiffs and opt-in Plaintiffs are $211,666.36. Liquidated damages are the norm when an FLSA violation is found. Ahle v. Veracity Research Co., 738 F. Supp. 2d 896, 920 (8th Cir. 2010); Martin v. Ind. Mich. Power Co., 381 F.3d 574, 584 (6th Cir. 2004); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259,

1272 (11th Cir. 2008). In fact, it is the employer, not the employee, who carries the burden of proof in order to avoid liquidated damages, and that burden "is a difficult one." Id.

Plaintiffs are also entitled to their reasonable attorney's fees and costs incurred in this litigation. This demand takes into account our current fees and costs and an estimate of future fees and costs associated with settlement and the potential administration thereof. Should we not reach a settlement and be required to further litigate this issue, the amount of fees and costs estimated here will increase accordingly.

**As such, our present demand is for $450,000.00.** This total is comprised of $211,666.36 in compensatory damages, an equal amount in liquidated damages, and attorneys' fees and costs.

You all have expressed a desire to meet next week sometime between July 1st and 3rd. We are willing to meet and work towards a settlement, but only should Defendants make a counteroffer prior to any such meeting that puts real (six-figure) money on the table. Otherwise, we would prefer to continue working remotely until such an offer is on the table.

Please do not hesitate to call me at (501) 221-0088 to discuss this letter or if you have any questions.

Thank you for your time and attention to this matter.

Sincerely,
SANFORD LAW FIRM, PLLC

/s/ Josh Sanford

Josh Sanford
Attorney at Law

# CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
### ATTORNEYS AT LAW
LITTLE ROCK | SPRINGDALE

J. Bruce Cross
Carolyn B. Witherspoon
M. Stephen Bingham
Richard A. Roderick
Misty Wilson Borkowski
Missy McJunkins Duke
Cynthia W. Kolb
Amber Wilson Bagley
Laura D. Johnson
Gregory J. Northen
George R. Ernst [1]
Abtin Mehdizadegan
Mary E. Buckley [2]
Alex D. Clark
Joseph M. Kraska

*Of Counsel*
Robin Shively Brown
Jennifer S. P. Chang [3]
Maya S. Goree

Russell Gunter (1950-2013)
Donna Smith Galchus (1946-2016)

500 President Clinton Avenue, Suite 200
Little Rock, AR 72201
Telephone (501) 371-9999
Fax (501) 371-0035

*Mailing Address*
P.O. Box 3178
Little Rock, AR 72203

www.cgwg.com

[1] Member of Arkansas and Pennsylvania Bars
[2] Member of Arkansas and Texas Bars
[3] Member of Arkansas and Oklahoma Bars

All others Arkansas Bar

## CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO FRE 408

June 28, 2019

Via E-mail only: daniel@sanfordlawfirm.com
Via E-mail only: josh@sanfordlawfirm.com
Mr. Daniel Ford
Mr. Josh Sanford
Sanford Law Firm
One Financial Center
650 South Shackleford, Suite 411
Little Rock, AR  72211

Re: Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW

Daniel:

We have reviewed and analyzed your demand letter sent earlier this week. We have spoken with our clients about your demand and the status of this lawsuit. They have approved an offer of $126,000 in settlement. This offer is based upon payment to the class of one-half the amounts to each plaintiff calculated in the documents provided, which were calculated correctly, plus an additional amount in attorney fees and representation payment to the two named plaintiffs. As you can see, we are serious about a resolution and are available on Tuesday (July 2nd) if that works for your schedules. Please let me know if that works for you and Josh.

Thanks,

*[signature]*

Gregory J. Northen

GJN:bfm
cc.  Bruce Cross
     Keili Minix

**Daniel Ford**

| | |
|---|---|
| From: | Greg Northen <gnorthen@cgwg.com> |
| Sent: | Wednesday, August 7, 2019 3:24 PM |
| To: | Daniel Ford; Josh S |
| Cc: | Keili S. Minix; Bruce Cross |
| Subject: | RE: Vines v. Welspun 408 Communication |

Daniel and Josh,

Thanks for working with us. Upon further consultation with our clients, we have composed a modified proposal that includes the re-issuance of a second opt-in notice as you indicated last week. We deny that the opt-in plaintiffs are entitled to the amounts set forth in your initial assessment. However, we desire to seek as complete a resolution as possible, as we have discussed, without going through a class-wide settlement structure. Our proposal is as follows:

1) Payment of 50% of alleged damages claimed by Plaintiffs for the entire three-year period (approximately $105k);
2) An additional amount as liquidated damages; and
3) Attorneys' fees in the amount of $25,000.

The Settlement would propose a second opt-in group that will be notified upon approval by the Court. The Notice will include similar language to the first Notice and Consent but include additional language that class members have an opportunity to once again join the lawsuit for an additional 90-day period in order to determine if any second opt-in plaintiffs are entitled to any payments. We do not intend to include language that they "will receive a check" if they join as in a Rule 23 Class notice. For the second Opt-in Class, we propose the following structured payment:

A. Anyone who joins after dismissal of the case will be limited to 2 years from the date of their consent filing;
B. Payment of 25% of alleged damages based upon the data provided to you previously; and
C. An equal amount as liquidated damages.

This will result in an initial settlement of approximately $235,000 (we'll get the actual figures for the agreement). At the end of the second 90-day opt-in period, we will issue checks to the second collective class based on the formula above, which amounts will be unknown until the second opt-in period closes. All Plaintiffs (from both opt-in periods) who receive a settlement check will also agree to release only wage claims in exchange for the payment. Any others who do not opt-in will not waive any claims, which we realize leaves some "meat on the bone" as it's been described before.

We feel this will help address any "stragglers" who find out the members of the first collective class received a check for opting into the lawsuit and want to see if they have any without necessitating another lawsuit. If any come forward after the second opt-in period ends and checks are issued, we will address those on an individual basis.

Please let us know your thoughts so we can work on the Settlement Agreement and Joint Motion to Dismiss. The language will be important on the Second Notice and Consent from our perspective but we think the Judge may give us more time if we can file a Notice of Settlement with the Court.

1

Thanks,

Greg

**From:** Daniel Ford [mailto:daniel@sanfordlawfirm.com]
**Sent:** Wednesday, August 7, 2019 9:24 AM
**To:** Greg Northen <gnorthen@cgwg.com>; Bruce Cross <bcross@cgwg.com>
**Cc:** Josh S <josh@sanfordlawfirm.com>
**Subject:** Vines v. Welspun 408 Communication

Greg,

We are quickly approaching a number of pre-trial deadlines and I was hoping we could pick up the negotiations thread from where they left off about a month ago. My understanding is that we are waiting on you guys to provide some breakdown of the damages based on the 2 year and 3 year statute of limitations. I have held off on sending the draft settlement agreement because it seemed like we were still pretty far apart structurally in terms of what to do about stragglers, if anything. Can you get me that data so that we can move this thing forward a bit?

Also, based on our last meeting, I get the feeling you may have some issues selling the benefit of certain aspects of settlement to your client. Do you think you think doing a local mediation and allowing them to hear it from a third party might help at all? Thanks,

Daniel Ford
Attorney at Law

**Sanford Law Firm, PLLC**
Offices in Little Rock and Russellville

One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Phone: (501) 221-0088
Fax: (888)787-2040
Website: http://sanfordlawfirm.com/
Email: daniel@sanfordlawfirm.com

This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 USC 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (479) 880-0088 or by return e-mail and delete the message and any attachments.

Daniel Ford
Attorney at Law

**Sanford Law Firm, PLLC**
Offices in Little Rock and Russellville

# Daniel Ford

| | |
|---|---|
| From: | Greg Northen <gnorthen@cgwg.com> |
| Sent: | Wednesday, August 14, 2019 8:32 AM |
| To: | Daniel Ford; Josh S |
| Cc: | Bruce Cross; Keili S. Minix |
| Subject: | Vines v. Welspun - SECOND 408 Communication |

Daniel and Josh,

Following our call with Daniel yesterday, we have composed a modified proposal following our initial model. Our modified proposal is as follows:

1) Payment of 50% of alleged damages claimed by Plaintiffs for the entire three-year period (approximately $105k);
2) An additional amount as liquidated damages; and
3) Attorneys' fees in the amount of $45,000.

The Settlement would propose a second opt-in group that will be notified upon approval by the Court. The Notice will include similar language to the first Notice and Consent but include additional language that class members have an opportunity to once again join the lawsuit for an additional 90-day period in order to determine if any second opt-in plaintiffs are entitled to any payments. We do not intend to include language that they "will receive a check" if they join as in a Rule 23 Class notice. For the second Opt-in Class, we propose the following structured payment:

A. Anyone who joins after dismissal of the case will be limited to 2 years from the date of their consent filing;
B. Payment of 35% of alleged damages based upon the data provided to you previously;
C. An equal amount as liquidated damages; and
D. An additional attorneys' fees payment in the amount of $5,000 (for administrative work).

This will result in an initial settlement of approximately $265,000 (we'll get the actual figures for the agreement). Also, we will agree to you taking a percentage of commissions off of the Second Consent class in an amount determined based upon your agreement. As you can see, we've increased the percentage for this class to increase their take home amount, and this will also be in addition to the $5,000 payment mentioned above.

Looking forward to concluding this one.

Thanks,

Greg

GREGORY J. NORTHEN | ATTORNEY

1

# Daniel Ford

| | |
|---|---|
| From: | Daniel Ford <daniel@sanfordlawfirm.com> |
| Sent: | Thursday, August 15, 2019 9:47 AM |
| To: | 'Greg Northen'; 'Josh S' |
| Cc: | 'Bruce Cross'; 'Keili S. Minix' |
| Subject: | RE: Vines v. Welspun - SECOND 408 Communication |

Greg,

Thanks again for the counteroffer.

Once again we have no issues with structure, and our counteroffer is as follows.

50% + liquidation for current opt-ins (approximately $210K)
$115K in attorneys' fees

No change in the terms relating to the second-notice opt-ins, we accept your parameters there.

That puts our global counteroffer at $330K including the current opt-ins, attorneys' fees listed above and 5K in administrative costs associated with the second notice project and general settlement administration.. While I understand the reticence on your client's part regarding the attorneys' fees number, I think focusing on the global offer should give them some comfort that they are getting a substantial discount on total liability + fees (which is upwards of $450K) that they could face should this go to trial (not to mention the pretty sweet deal they are getting on second-notice opt-ins, considering there are still 800+ opportunities for potential lawsuits outstanding from folks who didn't opt-in the first time).

If you have any questions or concerns, such as regarding the approval process, please feel free to call. I'll be in a deposition from 12pm-2:30pm, but other than that should be available today. Thanks,

Daniel Ford
Attorney at Law

**Sanford Law Firm, PLLC**
Offices in Little Rock and Russellville

One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Phone: (501) 221-0088
Fax: (888)787-2040
Website: http://sanfordlawfirm.com/
Email: daniel@sanfordlawfirm.com

This message, and any attachments, is intended for the addressee only.  It may contain information which is legally privileged, confidential, and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance  on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 USC 2510-2521.  If you have received this e-mail in error, please notify the sender immediately by telephone at (479) 880-0088 or by return e-mail and delete the message and any attachments.

1

**From:** Greg Northen [mailto:gnorthen@cgwg.com]
**Sent:** Wednesday, August 14, 2019 8:32 AM
**To:** Daniel Ford; Josh S
**Cc:** Bruce Cross; Keili S. Minix
**Subject:** Vines v. Welspun - SECOND 408 Communication

Daniel and Josh,

Following our call with Daniel yesterday, we have composed a modified proposal following our initial model. Our modified proposal is as follows:

1) Payment of 50% of alleged damages claimed by Plaintiffs for the entire three-year period (approximately $105k);
2) An additional amount as liquidated damages; and
3) Attorneys' fees in the amount of $45,000.

The Settlement would propose a second opt-in group that will be notified upon approval by the Court. The Notice will include similar language to the first Notice and Consent but include additional language that class members have an opportunity to once again join the lawsuit for an additional 90-day period in order to determine if any second opt-in plaintiffs are entitled to any payments. We do not intend to include language that they "will receive a check" if they join as in a Rule 23 Class notice. For the second Opt-in Class, we propose the following structured payment:

A. Anyone who joins after dismissal of the case will be limited to 2 years from the date of their consent filing;
B. Payment of 35% of alleged damages based upon the data provided to you previously;
C. An equal amount as liquidated damages; and
D. An additional attorneys' fees payment in the amount of $5,000 (for administrative work).

This will result in an initial settlement of approximately $265,000 (we'll get the actual figures for the agreement). Also, we will agree to you taking a percentage of commissions off of the Second Consent class in an amount determined based upon your agreement. As you can see, we've increased the percentage for this class to increase their take home amount, and this will also be in addition to the $5,000 payment mentioned above.

Looking forward to concluding this one.

Thanks,

Greg

GREGORY J. NORTHEN | ATTORNEY

2

# Daniel Ford

| | |
|---|---|
| From: | Greg Northen <gnorthen@cgwg.com> |
| Sent: | Monday, August 19, 2019 11:16 AM |
| To: | Josh S; Daniel Ford |
| Cc: | Bruce Cross; Keili S. Minix |
| Subject: | Vines v. Welspun - THIRD 408 Communication |
| Importance: | High |

Daniel and Josh,

Following our call with Josh on Friday, we have once again spoken with our clients and composed a modified proposal following our initial model. Our third proposal is as follows:

1) Payment of 50% of alleged damages claimed by Plaintiffs for the entire three-year period (approximately $106k);
2) An additional amount as liquidated damages; and
3) Attorneys' fees in the amount of $84,000.

The Settlement would propose a second opt-in group that will be notified upon approval by the Court. The Notice will include similar language to the first Notice and Consent but include additional language that class members have an opportunity to once again join the lawsuit for an additional 90-day period in order to determine if any second opt-in plaintiffs are entitled to any payments. We do not intend to include language that they "will receive a check" if they join as in a Rule 23 Class notice. For the second Opt-in Class, we propose the following structured payment:

A. Anyone who joins after dismissal of the case will be limited to 2 years from the date of their consent filing;
B. Payment of 35% of alleged damages based upon the data provided to you previously;
C. An equal amount as liquidated damages; and
D. An additional attorneys' fees payment in the amount of $5,000 (for administrative work).

This will result in an initial settlement of approximately $301,000 (we'll get the actual figures for the agreement). Also, we will agree to you taking a percentage of commissions off of the Second Consent class in an amount determined based upon your agreement. As you can see, we've significantly increased the initial attorneys' fee payment amount to reach the 40% amount, and this will also be in addition to the $5,000 payment for the second opt-in class.

Let me know if we can file a Notice of Settlement with the Court and begin drafting the paperwork. I'm out of the office this afternoon but will be checking emails.

Thanks,

Greg

GREGORY J. NORTHEN | ATTORNEY