IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **ANTHONY VINES and DOMINIQUE LEWIS, Each Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFFS** |
| V. | NO. 4:18-CV-0509-BRW | |
| **WELSPUN PIPES, INC.; WELSPUN TUBULAR, LLC; and WELSPUN** | | **DEFENDANTS** |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into by and between Plaintiffs Anthony Vines and Dominique Lewis (hereinafter referred to as "Employees" or "Plaintiffs"), which includes their agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendants Welspun Pipes, Inc., Welspun Tubular, LLC, and Welspun USA, Inc. (Welspun), which, includes any assigns, including Welspun's current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities (hereinafter collectively referred to as "Defendants")(collectively, "the Parties").

### I.   STATEMENTS OF FACT

The Parties acknowledge that:

It is the desire of the Parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of Employees' employment with Defendants.

Moreover, the Parties desire to resolve any and all claims which Plaintiffs may have against Defendants as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation;

The Parties have exchanged information relating to Plaintiffs' claims and Defendants' defenses, including time and pay records for all similarly-situated employees; and


EXHIBIT A

Plaintiffs acknowledge that they have had adequate and legally sufficient time to review this Agreement with their legal counsel and that they understand the rights that have been waived by this Agreement;

Plaintiffs further represent and warrant that they freely negotiated the terms of this Agreement and enter into it and execute it voluntarily. Plaintiffs understand that this is a voluntary waiver of certain claims as set forth herein, whether known or unknown against Defendants, that relate in any way to their alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Welspun, up to and including the date of the execution of this Agreement;

Plaintiffs acknowledge and agree that in exchange for entering into this Agreement, they are receiving consideration, i.e., payments described below, which is something that they are not otherwise entitled to receive.

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

## II.   DEFINITIONS

A.   **"Plaintiffs' Counsel"** means SANFORD LAW FIRM, PLLC.

B.   **"Named Plaintiffs"** means Anthony Vines and Dominique Lewis, individually and as representatives for those similarly situated who filed Consents to Join Collective Action.

C.   **"Opt-In Plaintiffs"** or **"Opt-Ins"** means the persons other than Named Plaintiffs listed on Appendix A to this Agreement as well as those who consent to join this lawsuit during the Second Opt-in Period set forth in Section III.B.1 of this Agreement.

D.   **"Released Persons"** means Welspun as well as any assigns, including current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities.

## III.   AGREEMENT

Defendants agree to pay in full and final settlement of this matter the following:

A.   **Payments to Named Plaintiffs and the First Opt-in Class of Plaintiffs.**

1.   Defendants will make payments to the Named Plaintiffs and the First Opt-in Class of Plaintiffs in the amounts set forth in Appendix A attached hereto in the total amount of Two-Hundred Eleven Thousand, Six Hundred Sixty Six Dollars and 36/100 ($211,666.36).

2

a. These payments represent the negotiated back wages allegedly owed to the Named Plaintiffs and First Opt-in Class of Plaintiffs as well as an additional amount as alleged liquidated damages.

b. Checks payable to the Named and the First Opt-in Class of Plaintiffs in the amounts set forth in Appendix A will be issued and distributed by Welspun no later than thirty (30) days from the Court's approval of this Agreement. These will be mailed out by regular mail to the last known address of each individual in Welspun's database.

c. Any checks not negotiated within 90 days of issuance will be terminated, with the exception of those subject to section D, below.

d. Defendants will pay the amounts shown on Appendix A in the form of regular payroll payments, subject to standard taxes, withholdings, and deductions.

**B. Payments to the Second Opt-in Class of Plaintiffs.**

1. Defendants will make payments to the Second Opt-In Class in the amounts listed in Appendix B attached hereto in the total amount of $57,673.24 (Fifty Seven Thousand and Six Hundred and Seventy Three Dollars and Twenty Four Cents).

2. These payments represent the negotiated back wages allegedly owed to the Second Opt-in Class of Plaintiffs as well as an additional amount as alleged liquidated damages.

3. Checks payable to the Second Opt-In Class of Plaintiffs in the amounts set forth in Appendix B will be issued and distributed by Welspun no later than thirty (30) days from the Court's approval of this Agreement. These will be mailed out by regular mail to the last known address of each individual in Welspun's database.

4. Any checks not negotiated within 90 days of issuance will be terminated, with the exception of those subject to section D, below.

**C. Attorneys' Fees and Costs.** The Parties have not yet negotiated the payment of attorneys' fees and costs to Plaintiffs' counsel, as they intended to and have indeed negotiated the payments to Named Plaintiffs and Opt-in Plaintiffs separately and apart from any discussion or negotiation of payment of attorneys' fees and costs. The Parties agree to separately negotiate attorneys' fees and costs while the Court deliberates on the Motion for Approval, up to the Court imposed deadline of 12:00 pm on Monday June 2, 2020.

**D. Lost or Misdirected Payments.** Named Plaintiff and Opt-in Plaintiffs shall have 90 days from the date of issuance of payment to negotiate settlement checks. If a Named Plaintiff's or Opt-in Plaintiff's check is lost, destroyed, or otherwise unusable, the payee may notify Defendants, through counsel, within 90 days of the date of issuance of payment and Defendants will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of re-issuance to negotiate the replacement check.

  E. **Dismissal of All Claims with Prejudice.** Upon approval by this Court, the claims of the Named Plaintiffs and Opt-In Plaintiffs set forth in the Second Amended Complaint will be dismissed by the Court with prejudice. Named Plaintiffs represent and warrant that, other than this lawsuit, Named Plaintiffs and Opt-in Plaintiffs have no other lawsuits, charges, administrative proceedings, or other claims of any nature pending against Defendants in any state or federal court or before any agency or other administrative body. Named Plaintiffs and Opt-in Plaintiffs represent and warrant that they have not assigned to a third party any of their current or potential claims against Defendants.

  F. **Limited Release of Claims by Collective.** Named Plaintiffs, on behalf of themselves, individually, and as representatives of each Opt-In Plaintiff, and each of their heirs, estates, executors, administrators, assigns, transferees and representatives, hereby release and forever discharge the Released Persons from any and all claims, rights, demands, liabilities and causes of action of every nature and description relating to unpaid wages, for monetary damages, liquidated damages, interest, attorneys' fees, costs, and punitive damages, and all claims or demands related to the Named Plaintiffs'/Opt-In Plaintiffs' employment with Defendants regarding wages and/or failure to pay minimum or overtime wages that each has or may have had against the Defendants as of the date of issuance of the check disseminated to that person under:

    (1) the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);
    (2) the Arkansas Minimum Wage Act;
    (3) any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas regarding failure to pay wages or overtime wages; and
    (4) any and all other relevant Federal and/or State statutory and/or common laws including, but not limited to, intentional infliction of emotional distress for failure to pay wages or overtime wages.

  G. **Full Release of Claims by Named Plaintiffs.** In exchange for Defendants' payment of the valuable and sufficient consideration outlined in Section III.A above, the sufficiency of which is hereby acknowledged, Named Plaintiffs fully, finally, and forever release and discharge Defendants from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney fees; for job assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Named Plaintiffs have, had, or may have had that relate in any way to their alleged employment with, contracted work with, separation from, complaints about, and compensation and benefits due from, Defendants. This Release is made on behalf of Named

4

Plaintiffs, their dependents, heirs, executors, administrators, and agents including any successors and assigns.

Named Plaintiffs specifically release any and all claims of any kind whatsoever that they have, had, or may have had against Defendants as of the date of Named Plaintiffs' execution of this Agreement under the following:

(1) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);
(2) the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621, *et seq.*);
(3) the Civil Rights Acts of 1866, 1871, 1964 and 1991;
(4) the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et seq.*);
(5) the ADA Amendments Act of 2008, (42 U.S.C. § 12101, *et seq.*);
(6) the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 *et seq.*);
(7) the Genetic Information Nondiscrimination Act of 2008, (42 USC § 2000ff, *et seq.*).;
(8) the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*);
(9) the Arkansas Civil Rights Act, as amended (A.C.A §16-123-101, *et seq.* ):
(10) the Uniform Contribution Among Tortfeasors Act, as amended (A.C.A. § 16-61-201, *et seq.*);
(11) the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681 et seq.);
(12) the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651, *et seq.*) or any applicable state safety and health statutes, regulations, or common law;
(13) the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);
(14) the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq.*);
(15) the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*);
(16) any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the States of Arkansas and Mississippi; and
(17) any and all other relevant Federal, State, local laws, unjust enrichment/quantum merit, workers' compensation laws, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

Named Plaintiffs understand and agree that, even if they should eventually suffer additional damages arising out of the matters released by this Agreement, they will not be able to make any claims for those damages as against Defendants; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed. Nothing in this Agreement shall preclude Named Plaintiffs from filing with or participating in any manner in any investigation, hearing, or proceeding conducted by the Arkansas and United States Departments of Labor and/or Equal Employment Opportunity Commission. Named Plaintiffs hereby waive any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the

5

Effective Date of this Agreement. Nothing in this Agreement shall preclude Named Plaintiffs from exercising their rights under COBRA, although any such exercise will be solely at their own expense.

**H.     No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Defendants of any liability whatsoever or as an admission by Defendants of any acts of wrongdoing, misclassification, or discrimination against Named Plaintiffs, Opt-in Plaintiffs, or any other persons. In fact, Defendants specifically disclaim improper wage payments, or any liability and wrongdoing. Defendants affirmatively state that they have fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving other persons. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

**I.     Approval Process:** The Parties shall file a joint motion for approval of this Agreement. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the Parties and the Court.

**J.     Knowing and Voluntarily Waiver:** Named Plaintiffs acknowledge and agree that they and the Opt-in Plaintiffs have had sufficient time to consider this Agreement and to consult with legal counsel of their choosing considering its meaning and significance. When entering into this Agreement, Named Plaintiffs have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**K.     Communications with Plaintiffs:** Defendants have no responsibility with respect to any inquiries from Opt-in Plaintiffs about this Agreement and the settlement described herein, except that if any Opt-in Plaintiff approaches Defendants, Defendants agree to refer such Opt-in Plaintiff to Plaintiffs' Counsel.

**L.     Choice of Law and Venue:** This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas. Any action to enforce any part of this Agreement shall be brought in the federal courts located in Pulaski County, Arkansas.

**M.     Waiver:** Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**N.      Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties, as well as their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and/or assigns.

**O.      Cooperation Clause:**  The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**P.      Entire Agreement:** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties.  All modifications to this Agreement must be made in writing and signed by the Parties.

**Q.      Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**R.      Captions:**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**S.      Remedy for Breach:** If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court Eastern District of Arkansas, Western Division, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

**T.      Signatures:**  The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original.  Should multiple counterparts exist, they will be provided to all Parties for their records.

**U.      Construction:** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

**PLAINTIFFS:**

_____                    _____
Date                                      Anthony Vines

_____                    _____
Date                                      Dominique Lewis

**APPROVED:**

_____
Josh Sanford
Daniel Ford
SANFORD LAW FIRM, PLLC
650 S. Shackleford
Suite 411
Little Rock, AR  72211

**ATTORNEYS FOR PLAINTIFFS**

And

**DEFENDANTS:**

_____                    _____
Date                                      By: _____, on behalf of
                                          Welpun Pipes, Inc.


                                          _____
_____                    By: _____, on behalf of
Date                                      Welspun Tubular, LLC


                                          _____
_____                    By: _____, on behalf of
Date                                      Welspun USA, Inc.

8

**APPROVED:**

*s/* J. Bruce Cross
J. Bruce Cross
Gregory J. Northen
CROSS, GUNTER, WITHERSPOON &
  GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone (501) 371-9999
Email: mduke@cgwg.com
Email: gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANTS**

Welspun/Vines
# FIRST BATCH

| Employee Name | Total Damages |
|---|---|
| AADIL, MADINAH | $349.47 |
| ADAMS, CLEON | $371.12 |
| ADKINS, DARRYEL | $752.73 |
| AIKENS, ROBERT | $3,044.00 |
| ALLEN, DEMETRIUS | $599.40 |
| ARROWSMITH, RAINEY | $1,296.54 |
| AUBERT, JUSTIN ALLEN | $1,195.99 |
| AVALLE, MICHAEL S | $4,784.38 |
| BAKER, MARCUS | $1,952.20 |
| BAKER, ROBERT | $3,702.60 |
| BALDWIN, JIMMY W | $450.24 |
| Barbee, Kenneth | $126.97 |
| BARTON, ROMINTA | $711.53 |
| BAXTER, MARKEEVIAS | $375.63 |
| BERMUDEZ-LOZADA, SHENOLIA | $497.21 |
| BLACKERBY, COBY | $29.64 |
| Bledsoe, Alfred | $587.30 |
| BOLEN, CAMERON | $542.73 |
| BOLES, BRYAN | $1,353.42 |
| BONNER, CONTRALLE | $1,936.54 |
| BRADLEY, AARON | $1,086.46 |
| Brooks, Eddie L | $966.29 |
| Brown, Austin | $0.00 |
| BROWN, JAMES | $4,083.30 |
| Brown, Nicholas | $275.66 |
| Campbell, Brian | $108.81 |
| CANNON, DOLLIE | $2,384.63 |
| CARROLL, PAYTON | $183.50 |
| CARTER, CALVIN | $310.71 |
| CASAS CARRAZANA, JORGE L | $3,281.86 |
| CLARK, REDELL | $0.00 |
| CLAY, OTIS | $1,547.40 |
| CONNETT, MICHAEL | $340.30 |
| COOKSEY, BRANDON | $1,773.83 |
| CRAIG, DOUGLAS | $1,862.74 |
| DABRNEY, EDWIN | $2,082.29 |
| DALE, DIONNE | $3,999.17 |
| Daniel, Christopher | $378.63 |
| Daniels, Jarrod | $1,443.30 |
| DAVIS, JOAN | $83.35 |
| Davis, Michael G | $18.05 |
| DAY, ADDISON | $1,355.82 |
| DRENNAN, CHRISTOPHER | $2,813.09 |
| DUCKERY, ANITA | $244.13 |
| EDWARDS, ARTIS | $728.89 |
| Edwards, Lester | $0.00 |

Welspun/Vines

## FIRST BATCH

| Employee Name | Total Damages |
|---|---|
| ELLIS, KENNETH | $1,340.39 |
| ELLISON, BILLY | $573.54 |
| FOREMAN, FRANKIE | $218.89 |
| FRANKLIN, DON | $2,539.23 |
| Franks, Michael | $122.41 |
| FRAZEE, KEIR | $1,538.57 |
| Fuller, Jason | $53.04 |
| GAINES, PATRICK | $1,627.83 |
| GEIGER, ALLEN | $525.92 |
| Gordon Jr, Roosevelt | $272.05 |
| GRAY, JONATHAN | $620.67 |
| GRIMES, JONATHAN | $1,758.91 |
| GUERRERO, EDGAR | $806.74 |
| Hackett, Herbert | $429.24 |
| Hale, Carlos | $404.14 |
| HARRIS, GARY | $387.02 |
| HARRIS, KEITH | $168.49 |
| HARRIS, TIMOTHY D | $2,884.32 |
| HARRISON, ROY | $181.70 |
| HEAD, DELANA | $2,835.34 |
| HIBBLER, TRISTAN | $604.53 |
| Hill, Keith | $0.00 |
| HILL, MARY | $447.61 |
| HOLLIS, CALVIN | $3,016.34 |
| HOLLY, DEJUAN | $588.63 |
| HONORABLE, JEFFERY | $3,455.57 |
| HOUSTON, ANDREW | $1,179.44 |
| HUNTER, EARL | $2,683.28 |
| HUNTER, JOEY | $1,621.17 |
| JAMIL, KHALID | $1,009.80 |
| JIMENEZ-AGUILAR, PABLO | $2,927.92 |
| JOHNSON, BENJAMIN | $66.79 |
| Johnson, Edward | $0.00 |
| Johnson, Terry | $498.71 |
| JONES, DARNELL | $3,179.30 |
| JONES, ERVIN | $2,521.16 |
| JONES, MATTHEW | $431.82 |
| KEARNEY, BRITTNAE | $41.57 |
| KELLOMS, MIKE | $867.48 |
| Kersey, Barbara K | $0.00 |
| KHAN, KAMRAN | $3,652.67 |
| Lewis, Dominque L | $83.68 |
| MARTIN, BONNIE | $325.60 |
| MCCLAIN, CALVIN | $2,759.84 |
| MCFADDEN, SEAN | $464.36 |
| MELDER, MAXWELL | $4,048.54 |

Welspun/Vines
# FIRST BATCH

| Employee Name | Total Damages |
|---|---|
| MITCHELL, JOSHUA | $194.60 |
| Murdock, Roderick D | $454.43 |
| MURPHY, ERIC | $53.17 |
| MURRY, WILLIE | $791.34 |
| NEAL, RONNIE | $717.34 |
| Neal, Terry W | $45.74 |
| NETHERY, RICHARD | $558.37 |
| NICHOLS, GREG | $45.34 |
| OLVERA GUERRERO, ISRAEL | $6,548.52 |
| PADGETT, MARK | $2,428.24 |
| Parker, Blake | $1,044.41 |
| Parker, George | $672.54 |
| PEEL, TOMMY | $373.51 |
| PERKINS, ETOY | $452.18 |
| POLSTON, MICHAEL | $331.33 |
| Poston, Hunter | $20.53 |
| Price, Jehoshaphat | $59.29 |
| REED, CANARY | $373.86 |
| REEVES, THEO | $1,313.84 |
| RHODES, FREDERICK | $6,825.90 |
| RICE JR., MICHAEL K | $11,929.15 |
| RICHARDSON, WENDELL | $90.87 |
| ROBERTS, DEMARCUS | $125.03 |
| ROBINSON, GILBERT | $1,879.76 |
| ROGERS, SAMUEL | $3,895.57 |
| ROSE, DONALD | $1,782.06 |
| Ross, Tyler | $38.99 |
| ROWE, RONNIE | $1,626.93 |
| SABB, REGINALD | $341.10 |
| Sanders, Krisjhaun | $0.00 |
| Savage, Roy L | $364.79 |
| SAYERS, KEITH | $2,335.52 |
| SCALES, SHAWN | $257.42 |
| SHAKUR, RIDWAN | $732.11 |
| SHAW, KENNETH | $4,733.05 |
| SHELTON, ROBERT | $3,115.71 |
| Siler, Ricky | $0.00 |
| SMITH, HUBERT | $3,850.82 |
| SMITH, JACOB | $2,915.12 |
| Smith, Pamela | $122.13 |
| SPILLERS, EUGENE | $1,230.38 |
| SPROLING, MARSHALL | $800.79 |
| STEVENS, JASON | $3,179.47 |
| STRZELECKI, ARON | $1,343.77 |
| THORNTON, JAMES | $213.06 |
| VINES, ANTHONY | $2,516.03 |

Welspun/Vines

## FIRST BATCH

| Employee Name | Total Damages |
|---|---:|
| WAINWRIGHT, GARRY | $35.65 |
| WARD, JAMES | $164.57 |
| WESLEY, RODERICK | $1,080.72 |
| Wesson, Christopher Todd | $68.67 |
| WHITE, DERRICK D | $378.25 |
| WHITE, ELIOTT | $1,522.31 |
| WIGINGTON, TERRY | $3,398.80 |
| WILBON, MARTELL | $1,370.59 |
| WILKINS, GEORGE | $2,737.50 |
| Willett, James E | $244.50 |
| WILLIAMS, ERIC | $1,361.53 |
| WILLIAMS, NICHOLAS | $318.21 |
| Williams, Taborian | $88.56 |
| WOODS, STEVEN | $622.54 |
| Woodward, Bradley R | $0.00 |
| Wooley, Steven | $2,160.57 |
| WRIGHT, DENNIS | $94.19 |
| YUSUF, FRED | $179.23 |
| MAYES, KUWAN | $1920.38 |
| MURRY, XAVIER | $64.92 |
| GRACE, SOL | $351.98 |
| HARRIS, ERICK | $211.94 |
| KITTLER, JAMES | $3,103.33 |
| OWENS, SCOTT | $2,401.82 |
| PRIDE, KEITH | $3,285.44 |
| **TOTALS:** | $211,666.36 |

Welspun/Vines

## SECOND BATCH

| EMPLOYEE NAME | Amount |
|---|---:|
| Alexander D. Spurr | $124.58 |
| Alfred Tyrone Bledsoe, Jr. | $587.30 |
| Anthony McCuien | $36.40 |
| Anthony Whitehead | $183.04 |
| Benjamin Grice | $294.29 |
| Beverly Ann Roberts | $856.53 |
| Brandon Shepard | $28.49 |
| Brian Hale | $1472.28 |
| Buell Nunnery | $768.18 |
| Calvin E. McClain | $78.28 |
| Calvin Thomas | $927.29 |
| Charles K. Hill | $1917.96 |
| Charles Stuart | $1376.93 |
| Danny Gunter | $71.30 |
| Danny K. Griffin | $462.83 |
| David N. Edwards | $1233.73 |
| Dennis E. Robinson | $1049.91 |
| Desiderian Gill | $56.66 |
| Dewayne Johnson | $35.65 |
| Donna LeBlanc | $4299.24 |
| Donny Graham | $664.57 |
| Dustin Kent | $452.56 |
| Edgar Jerome Chandler | $2206.90 |
| Edilberto Andrade | $1078.36 |
| Edward Chunn | $172.99 |
| Edward Williams | $823.77 |
| Eric Cunningham | $426.13 |
| Gus Chambers | $0.00 |
| Jacob Allen | $2014.05 |
| James K Jimerson | $1435.98 |
| James T. Marshall | $2855.65 |
| Jamie Beam | $26.99 |
| Johnny Spann | $1832.53 |
| Josh Evanarf | $449.80 |
| Justin L. Davis | $97.94 |
| Keith L. Allen | $575.26 |
| Kenneth Kentle | $84.26 |
| Kenneth Mosby | $661.57 |
| Kevin Glosson | $53.17 |
| Kevin Jones | $613.82 |
| Kippard Ware | $2720.69 |
| Larry Summage | $483.70 |
| Lee Mifflin | $326.84 |
| Lorin Q. Gathings | $1537.23 |
| Lyne Fuller | $76.24 |
| Marcus Gilmore | $268.04 |
| Martin B. Jasso | $839.25 |
| Matthew Martin | $314.82 |

Welspun/Vines
## SECOND BATCH

| Name | Amount |
|---|---|
| Maurice Reed, Sr. | $523.66 |
| Michael Barbee | $455.82 |
| Michael Hussung | $1060.87 |
| Norma J. Hathcock | $1489.51 |
| Paul A. Rucker | $949.18 |
| Rahjaral Derron Person | $613.91 |
| Raymond Patillo | $509.75 |
| Raymond Robinson | $0.00 |
| Rickel Hickey | $1346.56 |
| Rickey L. McBride | $649.22 |
| Robert Aikens | $1000.12 |
| Robert Derrick Hudson | $0.00 |
| Robert Jackson | 0.00 |
| Robert Neal | $588.02 |
| Roderick L. Saunders | $388.38 |
| Roger Lee Emerson | $1404.30 |
| Ronald Floyd | $744.50 |
| Scott Dawson | $501.33 |
| Scott Rubel | $734.36 |
| Shaqwis Jones | 0.00 |
| Shawn Watkins | $409.80 |
| Shirley Kidd | $723.31 |
| Sidney Craig | $174.66 |
| Steven T. Dozier | $155.32 |
| Terrance Davis, Sr. | $182.00 |
| Terry Dickerson | $387.81 |
| Timothy Hood | $620.24 |
| Timothy K. Pumphrey | $427.79 |
| Valarie Moore | $911.65 |
| Vanessa Williams | $0.00 |
| Wendell Earl | $701.15 |
| Zachary Paul Rogers | $1066.09 |
| **TOTALS:** | **$57673.24** |