IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANTHONY VINES and DOMINIQUE**                                    **PLAINTIFFS**
**LEWIS, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                No. 4:18-cv-509-BRW


**WELSPUN PIPES, INC.; WELSPUN**                          **DEFENDANTS**
**TUBULAR, LLC; and WELSPUN USA, INC.**

<u>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**COSTS AND ATTORNEY'S FEES**</u>

## I. INTRODUCTION

Plaintiffs sought unpaid overtime wages under the Fair Labor Standards Act

("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Having received a judgment,

Plaintiffs are entitled to an award of attorneys' fees and costs. Specifically, Plaintiffs

request that this Court award $96,000.00 in attorneys' fees and costs, pursuant to the

agreement between the Parties in their original settlement agreement and outlined in

detail in multiple filings before the Court.  As the amount of the Plaintiff and opt-in

Plaintiffs' damages settlement will not change regardless of the amount of attorneys'

fees and costs paid, if the Court now refuses to approve and award the Parties'

previously agreed amount of $96,000.00 it would result in an impermissible windfall for

Defendants.  The legally appropriate and most fair outcome is to hold the Parties to the

agreement that they reached in good faith and at arms length.

Plaintiffs brought this case under the Fair Labor Standards Act (FLSA), 29 U.S.C.

§ 201 *et seq*, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-

Page 1 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

201, *et seq*, to recover unpaid wages. To pursue their claims against Defendants, Plaintiffs obtained experienced counsel, who took the case without requiring any up-front payment from Plaintiffs.  Plaintiffs' counsel not only shouldered all costs and faced the risk of receiving nothing if the case was unsuccessful, but also faced the risk of receiving less than their *actual* fees even in the event of success, depending on what this Court deems to be "reasonable." Plaintiffs pursued this case diligently, making appropriate litigation decisions as the case progressed, and earned a favorable settlement for Plaintiffs and opt-in Plaintiffs, which this Court has already deemed to be fair and reasonable (*See* ECF Nos. 90 and 91). An award of fees and costs as requested by Plaintiffs is appropriate under all methods of analysis.

## II. PROCEDURAL BACKGROUND

This case was initially filed by Plaintiffs Anthony Vines and Dominique Lewis (ECF No. 1) on August 7, 2018. Plaintiffs filed their First Amended and Substituted Complaint (ECF No. 10) on September 24, 2018, which after additional investigation and review of records resulted in the substitution of the operative claims in this lawsuit: that Defendants were illegally rounding time from Plaintiffs and putative opt-in Plaintiffs. Defendants again responded, alleging that Plaintiffs were properly paid, among a variety of affirmative defenses. ECF No. 13. Plaintiffs then filed their Motion for Conditional Certification (ECF No. 14), which after briefing by all parties was granted on January 31, 2019.  ECF No. 26.  After the opt-in period had concluded and the Parties knew how many individuals had joined the case, the Parties began engaging in informal settlement negotiations.  These negotiations occurred in person, over the phone and in

Page 2 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

the exchange of written correspondence, which was entered into the record for the Court's review.  *See* ECF No. 82.

In September of 2019, after prolonged negotiations, during which the Parties separately negotiated the class damages and the attorneys' fees and costs payment, the Parties finalized their settlement agreement and requested approval thereof by the Court.  *See* ECF No. 59.   This Court denied approval of the settlement, requesting additional information and requiring the Parties to execute the second opt-in period as agreed prior to approval of the settlement.  *See* ECF No. 60.

The Parties renewed their Motion for Approval following the administration of the second notice period, first on March 20 (ECF No. 79) and again on March 27 (ECF No. 81), supplementing the second renewed Motion with additional information about the settlement, attorney billing records, and representation agreements.   The Court requested an addendum detailing the negotiations between the Parties, which was filed on April 3. *See* ECF no. 82. On April 13, this Court denied the Parties renewed Motion for Approval due to the agreement as to attorneys' fees, without discussing the fairness of the class damages.  *See* ECF No. 83.  Plaintiffs maintain that this decision was in error, and filed an unopposed Motion for Reconsideration on May 12, outlining their position why the Court's review of attorneys' fees and costs was improper.  *See* ECF No. 84.

That Motion was denied on May 18 and the Parties were directed on May 19 to reopen settlement negotiations. *See* ECF Nos. 86 and 88.  The Parties reached an agreement as to the class damages, which was in the end the same amount as the agreement originally reached in September of 2019, and they submitted the damage

**Page 3 of 22**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW**
**Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees**

agreement to the Court for approval separate from any agreement to attorneys' fees and costs.  The Parties were not able to agree a second time to a payment of attorneys' fees and costs; presumably Defendant now hopes for a windfall regarding the agreed fees in light of the Court's previous orders on the subject.

On June 1 the Court approved as fair and reasonable the liability damages settlement reached by the Parties originally in September of 2019 and again in May of this year, entered Judgment, and directed Plaintiffs to file a petition for an award of fees and costs by June 8.  *See* ECF Nos. 90 and 91.

Because Plaintiffs are entitled to judgment in their favor and the Court has approved the liability damages, Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs. As detailed below, Plaintiffs respectfully ask the Court to award fees and costs in the amount of $96,000.00.

### III. LEGAL STANDARD

A.    Authority to Award Fees Under the FLSA and AMWA

Under the FLSA, an award of reasonable attorneys' fees and costs to the prevailing party is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge."). Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing

Page 4 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. §

202 (LEXIS 2015) (stating intent to protect workers).

The fee-shifting provision of the FLSA serves two purposes. First, it relieves the

government of the burden and expense of enforcing the Act by incentivizing private

attorneys to pursue wage claims. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir.

1999) ("Congress enacted fee-shifting statutes to compensate 'private attorneys

general' and thereby to encourage private enforcement of civil rights statutes, to the

benefit of the public as a whole."). Second, it encourages private litigants to sue for their

rights even when the expected monetary recovery is otherwise "too small to attract

effective legal representation." *Id.*; *see also City of Riverside v. Rivera*, 477 U.S. 561,

578 (1986) (explaining that discouraging civil rights litigants with meritorious claims but

small damages from bringing suit "is totally inconsistent with Congress' purpose");

*Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) ("tying the

attorney's fees to the amount awarded would discourage litigants with small amounts of

damages from pursuing a civil rights claim in court"). In keeping with those purposes,

"[a]n attorney fees award under a fee-shifting statute should be comparable to what is

traditionally paid to attorneys who are compensated by a fee-paying client." *Morales v.

Farmland Foods, Inc.*, No. 8:08CV504, 2013 U.S. Dist. LEXIS 56501, at *27 (D. Neb.

Apr. 18, 2013).

The AMWA also provides that a court may award costs and a reasonable

attorney's fee against "[a]ny employer who pays any employee less than the minimum

wages, including overtime compensation . . . to which the employee is entitled under or

by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a). Pursuant to Rule 010.14-112 of

Page 5 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

the Administrative Regulations of the Labor Standards of the Arkansas Department of Labor, "[t]he department may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [AMWA] . . . except to the extent a different interpretation is clearly required." Therefore, Plaintiff is entitled to a reasonable attorney's fee under federal and state law.

This case, in addition, falls under the ruling in *Barbee v. Big River Steel*, in which the Eighth Circuit held that the authority for judicial review of FLSA settlements "does not extend to review of settled attorneys' fees." 927 F.3d 1024, 2019 WL 2527594 at *2 (8th Cir. 2019). The Court went on to hold that the right to settle attorneys' fees is an unconditional right, and the district court has "no authority to interfere with that unconditional right." *Id.*

B.    The Court Must Approve the Parties' Agreement as to Attorneys' Fees and Costs.

As outlined in Plaintiffs' Motion for Reconsideration, and incorporated here by reference, this Court does not have jurisdiction to review, reduce or amend the Parties' agreed payment of attorneys' fees and costs, which as it was negotiated separately from the class damages, is an unconditional right with which the district court "has no authority to interfere." The Parties, after one global offer and one global counteroffer, realized that they needed to negotiate fees and costs separately from the class damages, and immediately began doing so. These separate negotiations not only took place on the phone and in person, but also in emails which clearly demonstrate in the record the separate nature of the negotiations. *See* ECF No. 82-1, in which the Parties negotiate the class damages and the attorneys' fees and cost payment separately and

Page 6 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

apart from one another, without linking the two or hinging the settlement of the case on one or the other.  Furthermore, attorneys representing both Plaintiffs and Defendants stated in declarations under oath that both their intention and the reality of the situation was to negotiate the attorneys' fees and cost award and the class damages in good faith and separately from one another.  *See* ECF No. 84-1 and 84-2.

Because the original fee and cost settlement was negotiated separately and the Court has approved as fair and reasonable identical class damages as the original settlement, this Court does not have jurisdiction to review or adjust the fee settlement knowingly reached by the Parties in good faith.  Plaintiffs request a final order approving the fee settlement of $96,000.00 and dismissing the case.

C.     <u>In the alternative, if the Court did have jurisdiction to review the award of fees and costs, settled or otherwise, Plaintiffs' requested amount of $96,000.00 is fair and reasonable in light of the work performed, the complexity of the case, the experience of the attorneys and other relevant factors.</u>

Traditionally, courts determine a reasonable fee with a two-step process. First, the court evaluates the fee petition of a prevailing party and calculates the "lodestar;" second, the court determines whether the lodestar calculation should be adjusted upward or downward, based on various factors, discussed more fully below. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The "lodestar" is "the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *West v. Border Foods, Inc*., 2007 U.S. Dist. LEXIS 43423, 6 (D. Minn. 6/8/2007) (citing *Hensley*, 461 U.S. at 433). "Reasonably expended" time is supported by "adequate documentation supporting the number of hours claimed." *Gay v. Saline County*, 2006 U.S. Dist. LEXIS 76852, 5–6 (E.D. Ark. 10/20/2006). The

Page 7 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

reasonable hourly rate is "the prevailing rate for similar legal services performed by attorneys of comparable skill, experience, and reputation" in the community in which the litigation is situated. *West*, 2007 U.S. Dist. LEXIS 43423, 6.

To determine the hours reasonably expended, "[t]he relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). Similarly, the Eighth Circuit explained in *Jenkins v. Missouri* that, when calculating a fee award, the focus is on whether the time expenditures were reasonable, not whether the attorney won each and every disputed issue:

> A court's focus should not be limited to the success/failure of each of the attorney's actions. Rather, it should be upon whether those actions were reasonable…Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

127 F.3d at 718 (8th Cir. 1997) (internal citations omitted). The key issue is whether a reasonable attorney would have engaged in similar time expenditures at the time the work was performed.

A court should give deference to a lawyer's professional judgment as to how much time was necessary to spend on the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This principle flows from the fact that an attorney is naturally incentivized to work efficiently and reasonably in cases where the attorney remains uncompensated for his or her time until the end of the case. *See id.* ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of

Page 8 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

the fee"). Plaintiff's attorneys working under these circumstances expend their time and effort without knowing whether they will be paid for it; thus, they have an incentive to spend as little time on each particular task as is reasonably necessary to competently and diligently carry out the representation. *See id*.

While attorneys should not be rewarded for wasteful or duplicative work, courts have recognized that some duplication and redundancy will occur as part of the process of working on a case over a long period of time, as discussed in *Moreno*:

> [A] competent lawyer won't rely entirely on last year's, or even last month's, research: Cases are decided; statutes are enacted; regulations are promulgated and amended. A lawyer also needs to get up to speed with the research previously performed. All this is duplication, of course, but it's necessary duplication; it is inherent in the process of litigating over time.

534 F.3d at 1112.  Further, duplication of work always occurs when a task is stopped and started again, but this does not make it uncompensable:

> [D]uplication always happens when a task is started, stopped and then taken up again later. But necessary duplication--based on the vicissitudes of the litigation process--cannot be a legitimate basis for a fee reduction. It is only where the lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours.

*Id*. at 1113.

In awarding fees, a district court must "provide a concise but clear explanation of its reasons for the fee award."  *See Hensley*, 461 U.S. at 437; *see also*, *Moreno*, 534 F.3d at 1111 ("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible."). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice."  *Moreno*, 534 F.3d at 1111.  However, "where the disparity is larger, a more specific articulation of the

Page 9 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

court's reasoning is expected." *Id*. (citing *Bogan v. City of Boston*, 489 F.3d 417, 430 (1st Cir. 2007)).

## IV. ARGUMENT

A.    <u>Plaintiffs' Lodestar</u>

As shown on the Invoice (Exhibits 1 and 2), Plaintiffs incurred approximately $64,682.58 in attorney's fees in the course of litigating their claims, of which $2,962.87 were costs associated with filing, service and primarily the two large notice efforts conducted by U.S. mail. Plaintiffs' counsel's hourly rates are reasonable and the attorney's fees incurred were necessary and reasonable to the prosecution of this case. By attaching thorough, contemporaneous records of Plaintiffs' counsel's time, Plaintiffs have submitted adequate documentation supporting the number of hours reasonably expended in litigating this matter.

Attorneys for Plaintiffs maintained detailed contemporaneous records of their time in this case. Ex. 4, Decl. Sanford ¶ 27; Ex. 1 and 2, Sanford Law Firm Invoices. Each task reflected in the records was necessary to the successful resolution of this matter, and the time spent on each task was reasonable. Decl. Sanford ¶ 24-32.

The hourly rates charged by Plaintiffs' attorneys are reasonable and in line with hourly rates for attorneys engaged in similar practices in the area of Little Rock, Arkansas, as well as rates previously awarded by district courts in the Eastern District of Arkansas, and Plaintiffs' counsel took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 17–23.[1] These rates and Plaintiffs' billing practices were recently approved as

---

[1]        *See also Aubrey v. Zamam, LLC*, No. 4:17-cv-446-JLH, 2018 U.S. Dist. LEXIS 202207, at *2-3 (E.D. Ark. Nov. 29, 2018) (approving as reasonable the uncontested hourly rates of $275.00,

Page 10 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

reasonable in *Estes, et al. v. Cristopher Buell, et al.*, 4:18-cv-26-KGB at ECF No. 50 (E.D. Ark. May 25, 2020).  That order is attached herein as Exhibit 1 to the Brief.

One frequent category of billing in Plaintiffs' lodestar is intra-firm conferences, which are a way to increase efficiency and promote the distribution of work to the attorney that can most efficiently or cost-effectively perform the work. *Id*.; *see also Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at *7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at *23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (recognizing that the refusal to award any fees "for intra-firm meeting time is contrary to law").

Further, a competent lawyer will not rely entirely on his own judgment alone as to how to proceed on a case but will seek the wisdom of co-counsel or other attorneys. *See* Ark. R. Prof'l Conduct 1.1 (requiring competent representation). Lawyers are ethically obligated to provide competent representation, which explicitly includes reasonable thoroughness and preparation. *Id*.; *cf. Moreno*, 534 F.3d at 1112 (discussing requirement to prepare by performing legal research, even if the research is a

---

$225.00 and $175.00 for attorneys); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474, at *4-5 (W.D. Ark. Mar. 8, 2016) (approving over the objection of the defendant the hourly rates of $290.00 for attorney Josh Sanford, $225.00 for other attorneys of Sanford Law Firm, and $60.00 for "staff"); *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (approving the following rates in the FLSA context: $275.00 for partners; $225.00 for associates; and $110.00 for legal assistants); *Madden v. Lumber One Home Ctr., Inc.*, No. 4:10-cv-1162-JLH, 2013 U.S. Dist. LEXIS 183748, at *13 (E.D. Ark. May 22, 2013) (approving as reasonable the uncontested hourly rates of $275.00, $225.00 and $175.00 for attorneys; $100.00 for paralegals; $75.00 for legal assistants).

Page 11 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

duplication of effort). Competent representation implicitly includes strategic conferences with and updates to co-counsel regarding the case.  Ark. R. Prof'l Conduct 1.1.  After all, co-counsel must also be prepared. Just as other professionals routinely and necessarily share knowledge and insight when carrying out their duties, attorneys reasonably seek the counsel of other attorneys to discuss the best way to proceed for the benefit of their clients. The economic realities of plaintiff work incentivize plaintiff's attorneys to be efficient in their conferences with co-counsel.  If the plaintiff's attorney loses the case, then the time spent in attorney-to-attorney conferences is wasted and lost.   If the attorney wins the case, however, then it is likely due—at least in part—to his or her diligent efforts to consult with other attorneys and make the right strategic decisions.

Plaintiffs' counsel pursued Plaintiffs' claims with prudence and efficiency. Counsel kept thorough records of their time and obtained an excellent result.

B.     Plaintiff's Rested Fee Award of $96,000.00 is a reasonable multiplier of their lodestar billing.

The settled fee award of $96,000.00 represents only an approximately 1.4942 multiplier of the lodestar amount.  This is well within and, in fact, below the multiplier routinely accepted as reasonable by courts across the country.  In a recent FLSA case involving Plaintiffs' counsel, a multiplier of 4.2 times the billing lodestar was approved as fair and reasonable. *Helms, et al. v. Morton Buildings, Inc., et al.*, 3:18-cv-1281 at ECF No. 55 (M.D. Tenn. April 15, 2020).   *See also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002) (affirming a fee award of 3.65 times the lodestar amount after protracted litigation and cautioning, "We do not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly; in many instances, it may be a relevant circumstance that counsel achieved a timely result for class members

Page 12 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

in need of immediate relief."); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) ("the lodestar creates an unanticipated disincentive to early settlements, tempts lawyers to run up their hours, and compels district courts to engage in a gimlet-eyed review of line-item fee audits.") (internal quotation and editing marks omitted).

Plaintiffs' counsel are requesting a fee equal to approximately 1.4842 times their hourly billing (without accounting for future billing related to distributing the settlement fund). That multiplier is not especially generous or unprecedented. *See Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) ("Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers.") (collecting cases). In terms of bare dollar amounts, this settlement is similar to the one at issue in *McCurley v. Flowers Foods, Inc.*, No. 5:16-cv-00194-JMC, 2018 U.S. Dist. LEXIS 228496 (D.S.C. Sep. 10, 2018). In *McCurley*, the plaintiffs in a wage-and-hour settlement requested $550,000.00 for attorney's fees and costs out of a total settlement of $1,375,000.00 (i.e., forty percent). *Id*. at *4. In approving the requested fee, the *McCurley* court calculated that it amounted to a "modest" multiplier of 2.02 times the lodestar amount, *Id*. at *20, but that multiplier is deceptive: the lodestar amount used by the *McCurley* court was based on hourly rates of up to $850.00, which is more than twice the highest rate charged by Plaintiff's counsel in this case. *Id*. at *19. Had the court used more down-to-earth rates, the multiplier would have been similar to the one requested here.

C.    *Johnson* Factors

**Page 13 of 22**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW**
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

As discussed above, courts are generally expected to award the lodestar fee or a reasonable multiplier thereof, if agreed to by the Parties. However, in its analysis of fee awards in *Hensley*, the Supreme Court alluded to many factors that a court may consider in deciding whether to adjust the lodestar fee upward or downward. 461 U.S. at 430 n. 3. A comparison of the relevant factors to the facts of this case support an award of the lodestar fee with the multiplier of 1.471, resulting in the agreed fee of $96,000.00.

1.      *The time and labor required for the litigation*

Counsel for Plaintiffs reviewed their records of hours worked in this case and adjusted for unproductive, excessive or redundant time entries. The time worked by Plaintiffs' attorneys as reflected in the lodestar was reasonable and necessary to the advancement of this litigation. Decl. Sanford ¶ 24–32. Therefore, this factor is already reflected in the lodestar and cannot be used to again reduce the lodestar requested.

2.      *The skill required to perform the legal services properly*

Attorneys for Plaintiffs devote a significant part of their practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶ 4–6, 10, 13. Specialization, such as in labor and employment law, can support a higher than average rate. *See* e.g., *Autrey v. Food Concepts Int'l, LP*, No. 2:13-cv-00131, 2017 U.S. Dist. LEXIS 46693, at *14 n.5 (S.D. Ohio Mar. 29, 2017). This factor does not justify a downward deviation.

3.      *The customary fee.*

In determining a reasonable rate for purposes of awarding attorney's fees, including fees in FLSA cases, courts may consider rates awarded in other cases.

**Page 14 of 22**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW**
**Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees**

Accordingly, the case law discussed above regarding billing rates awarded in other cases confirms the reasonableness of the rates claimed by Plaintiffs' counsel.

Where specialized areas of the law are concerned, "the national market may provide a reasonable hourly rate." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1192 (N.D. Iowa 2003). In the FLSA case *Little v. Tech. Specialty Prods. LLC*, the court awarded hourly rates of $495.00 to an attorney with approximately 40 years of experience and $375.00 to an attorney with 20 years of experience—both attorneys had expertise in labor and employment matters. 2014 U.S. Dist. LEXIS 105069 *16–18 (E.D. Tex. July 30, 2014). The court cited numerous cases with similar awards. *Id.* at *17–18.[2]

Further, Plaintiffs' attorneys are familiar with the rates charged by attorneys in the Little Rock area, and the hourly rates utilized are reasonable and in line with those rates, as well as rates previously awarded by district courts in the Eastern District of Arkansas. Decl. Sanford ¶ 15, 16, 21. Plaintiffs' counsel took this information, as well as the skill and experience of its own attorneys and other *Johnson* factors, into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 15, 16, 21. Therefore, neither an upward nor downward adjustment to the lodestar would be appropriate in this case based on this factor.

4.    *Whether the fee is fixed or contingent.*

In this case, the contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 16, 22–23; *see also Fox v. Pittsburg State Univ.*, No. 2017

---

[2]    *See also West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (FLSA case with attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, *9-12 (S.D.N.Y. May 7, 2007) (FLSA case: Senior Partner $450; Senior Associate $300; Associate $200; Law clerk/Pre-admitted law school graduate $100; Paralegal $50-$150); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (FLSA case utilizing "mixed" hourly attorney rate of $353.63) (not designated for publication).

Page 15 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that while the "contingent nature of the fee does not justify enhancement of the lodestar *after* it has been calculated, . . . the contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement").

To be sure, the "contingency" fee arrangement between Plaintiffs and Plaintiffs' counsel is not a contingency fee in the traditional sense, whereby an attorney takes a portion of the plaintiff's recovery. Decl. Sanford ¶ 22-23. Rather, counsel for Plaintiffs rely solely on the fee-shifting provisions of the FLSA to recover their fees in this case. *Id*.

In other contingency fee arrangements, counsel's downside is to recover nothing, while the upside is the potential for recovery of far more than the fees actually incurred by the attorney through the taking of a portion of the plaintiff's recovery. In these arrangements, counsel's risk and delay in receiving payment is offset by the potential for significant recovery.

This is not how the contingency arrangement works for Plaintiffs' counsel in this case. Instead, Plaintiffs' counsel pursued the FLSA case without payment throughout the litigation. If Plaintiffs recover nothing, Plaintiffs' counsel recover nothing. On the other hand, if Plaintiffs receive a judgment in their favor, they keep all back wages and liquidated damages for themselves. Decl. Sanford ¶ 22-23. Plaintiffs' counsel must then separately petition the Court to recover fees. *Id*. Under these circumstances, despite having worked throughout the litigation without pay, the best Plaintiffs' counsel can hope

Page 16 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

to recover is their actual billing (subject to the court's assessment of whether that billing is reasonable). That is, in FLSA matters, Plaintiffs' counsel experience all of the downside of a traditional contingency fee arrangement, but with none of the potential upside. Therefore, this factor does not support a downward deviation from the lodestar, and in fact supports an upward deviation.

        5.     *The amount involved and the result obtained.*

        Plaintiffs successfully pursued this case and obtained a judgment for Plaintiffs and opt-in Plaintiffs that this Court has already deemed fair and reasonable. *See* ECF Nos. 90 and 91. Therefore, Plaintiffs were successful and this factor does not support a downward deviation from the lodestar.

        The "degree of success" factor does not give district courts discretion to reduce an award based on the amount of the judgment.  *See Hensley*, 461 U.S. at 434–436; *Jenkins*, 127 F.3d at 716.  After all, an award of an attorney's fee encourages the vindication of congressionally identified policies and "rights that cannot be valued solely in monetary terms." *Blanchard*, 489 U.S. at 96; *Fegley*, 19 F.3d at 1134–35 ("Courts should not place undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees…encourages the vindication of congressionally identified policies and rights" (internal quotations omitted)).  Moreover, the fee-shifting provision of the FLSA is for the benefit of the public as a whole, not just the parties in the case. *See* 29 U.S.C. § 202 (stating intent to protect workers); *Quaratino*, 166 F.3d 422, 426 (2d Cir. 1999) ("Congress enacted fee-shifting statutes to compensate 'private attorneys general' and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole.").

**Page 17 of 22**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW**
**Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees**

In *Simpson*, a case under the Equal Pay Act, the Eighth Circuit stated that it has "explicitly rejected a 'rule of proportionality' in civil rights cases because tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court."  441 F.3d at 581; *see also Singer v. City of Waco*, 2001 U.S. Dist. LEXIS 27106, at *10 (W.D. Tex. Nov. 13, 2001). This rule is equally applicable to the FLSA. *Id*. "[I]n a lawsuit initiated under the FLSA an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced," and "it is common for FLSA attorneys' fees awards to significantly exceed the amount the plaintiff recovers in unpaid wages." *Meesook v. Grey Canyon Family Med., P.A.*, 2014 U.S. Dist. LEXIS 143081, at *4 (W.D. Tex. Oct. 8, 2014); *see also Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-CV-3853-L-BK, 2017 U.S. Dist. LEXIS 195906, at *20 (N.D. Tex. Nov. 1, 2017) (recognizing that courts have "often approved fee awards that exceed damages") (string citing cases). Therefore, the results obtained in this litigation do not support a reduction in the lodestar fee, but could support an increase.

> 6.    *The experience, reputation and ability of the attorneys.*

Plaintiffs' attorneys are experienced in FLSA-based litigation, and have represented individual plaintiffs, as well as classes on state-wide, regional and national levels, through both settlement and trial. Decl. Sanford ¶ 4–6, 10–14, 18, 19. Attorney Josh Sanford has been practicing law full time since 2001 and is a founding member of Sanford Law Firm, PLLC, where he manages all other members of the firm, and he is licensed to practice in several courts. *Id*. ¶ 2, 3, 7. Plaintiffs' other attorneys are also

Page 18 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

highly qualified. The experience, reputation and ability of Plaintiffs' attorneys support the lodestar amount requested.

> 7.    *Awards in similar cases*.

Reasonable hourly rates for attorneys in similar cases are discussed above in relation to the "customary fee" awarded. More relevant to this topic, fee shifting is most important in cases where workers cannot afford to pay an attorney's normal rate and the damages are too low to yield a sufficient contingent fee. *See Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"). Indeed, if attorney's fees were limited by the amount of unpaid wages, many FLSA violations in this nation would go un-vindicated because the economics would prevent workers from obtaining counsel.

"Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples," as the fees awarded in wage cases demonstrate. *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley*, 19 F.3d at 1134–1135 ($7,680 in overtime compensation and $40,000 in attorneys' fees.)).[3] As previously discussed, this type of disparity

---

[3]       *See also Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) (finding no abuse of discretion in award of $51,750 in attorney fees on a recovery of $4,679, 11.06 times the damages awarded); *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (affirming attorney fees of $129,805.50 on $23,357.30 in damages, 5.5 times the damages awarded); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming an award of $9,250 in attorneys' fees on a $1,181 judgment for overtime compensation, 7.8 times the amount awarded); *Bonnette v.*

Page 19 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

between the award and fees incurred is wholly appropriate in wage cases. In other words, where the stakes of wage litigation are low, the defendant runs up the bill at its own risk.

C.    Costs and Expenses

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (mandating an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are

---

*California Health & Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming $100,000 in attorney fees on a judgment of $18,455 in damages, 5.4 times the amount awarded); *Orozco v. Plackis* 1:11-cv-00703, Lane, M. (W.D. Tex. June 13, Aug. 8, Sept. 18, 2013) (granting $69,521.29 in damages and $120,326.00 in fees to date, and deferring ruling on additional fees pending appeal); *Garcia v. Tyson Foods*, 2012 U.S. Dist. LEXIS 170177, 2012 WL 5985561 (D. Kan. Nov. 29, 2012) (awarding over $3.2 million in attorney fees on a jury verdict of $533,011 in a collective action, 6 times the amount awarded); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66–86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and $43,797.00 in fees); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fl. May 14, 2007) (awarding attorney fees of $114,021 on a judgment of $3,493.62, 32 times the amount awarded); *Hilton v. Executive Self Storage Associates, Inc.*, CA 4:06-cv-02744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) ($2,000.00 in damages and $21,132.05 in fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) ($3,540.00 in damages and $36,204.88 in fees); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313 (M.D. Fl. Dec. 21, 2001) (awarding attorney fees of $352,225.40 on an FLSA recovery of $21,000, 16 times the amount awarded); *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 U.S. Dist. LEXIS 5293, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney fees and costs on a judgment of $921, 7.5 times the amount awarded and noting that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of the judgment in the case").

**Page 20 of 22**
**Anthony Vines, et al. v. Welspun Pipes, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW**
**Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees**

recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiffs seek $3,512.87 in costs. Costs are reflected on Plaintiffs' Cost Invoice (Ex. 3 to ECF No. 92), and fall into the categories of filing fees, service costs, postage and copies. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. It is a reduction from the previous listing of costs in Plaintiffs' prior approval Motions based on an auditing of the cost invoice.   *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 33-34. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiffs request an award of all costs.

## V. CONCLUSION

Because Plaintiffs and Defendants originally settled the attorneys' fees and costs separately from a damages settlement to Plaintiffs and opt-in Plaintiffs that this Court has deemed fair and reasonable, the Court lacks jurisdiction to do anything other than enforce the Parties' agreement to pay attorneys' fees and costs of $96,000.00.  Even if there were no agreement to be enforced and the Court had the authority to award a reasonable attorneys' fee, $96,000.00 represents a reasonable multiplier of the lodestar amount reasonably and fairly billed by Plaintiffs' attorneys in this case.  The Court should therefore enter a final order authorizing a payment of attorneys' fees and costs totaling $96,000.00, and this case should remain dismissed with jurisdiction retained for the purposes of enforcing settlement only.

Page 21 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees

Respectfully submitted,

**PLAINTIFFS ANTHONY VINES
and DOMINIQUE LEWIS, Each
Individually and On Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 22 of 22
Anthony Vines, et al. v. Welspun Pipes, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-509-BRW
Brief in Support of Plaintiffs' Motion for Costs and Attorney's Fees**