IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY VINES and DOMINIQUE LEWIS,                                        PLAINTIFFS
Individually and on Behalf of All Others Similarly Situated

VS.                                        4:18-CV-00509-BRW

WELSPUN PIPES, INC., *et al.*                                              DEFENDANTS

ORDER

Plaintiffs' Motion to Recuse (Doc. No. 105) is DENIED.

During oral argument before the Eighth Circuit, Defendants said something akin to, they "just want the case to be over." Accordingly, I feel compelled to respond to a few things.

1.  **"Anonymous Letter"**

As I have noted repeatedly, the suggestion that I, or a member of my staff with my approval, authored an "anonymous letter" is wholly without merit.[1] The only reason the "anonymous letter" continues to get air-time is because Plaintiffs' counsel, the Sanford Law Firm, keeps talking about it. Furthermore, SLF's arguments are illogical: why would I email a order to other Arkansas federal judges, from <u>my</u> email (which I did), but send a typo-filled "anonymous letter" to Arkansas state judge?[2] If this really served as grounds for recusal, any lawyer who was dissatisfied with a presiding judge could send a similar anonymous letter, and then argue, "It looks like the judge wrote the letter, so the judge must recuse." Nonsense.

---

[1] The same arguments were made, and rejected, in *Huffman v. Associated Management Ltd et al*, No. 4:20-cv-01296-BRW, Doc. Nos. 11, 14, (E.D. Ark. July 8, 2021); *Skender v. Eden Isle Corporation et al.*, No. 4:20-cv-00054-BRW, Doc. Nos. 36, 39, (E.D. Ark. June 8, 2021); *Oden v. Shane Smith Enterprises*, No. 4:19-cv-00693-BRW, Doc. Nos. 17, 20 (E.D. Ark. November 30, 2020); and *Gray et al v. Shoe Show Inc*, No. 4:19-cv-00627-BRW, Doc. Nos. 50, 51 (E.D. Ark. Sept. 29, 2020).

[2] A copy of this letter was sent to my chambers too.

### 2. *Vines* Settlement Practices

SLF asserts that emailing a copy of the first *Vines* fees order to other judges[3] was nefarious because it "was not an order that established a new interpretation of the law or presented a unique factual scenario."[4] It is true that the issue is not unique, because SLF repeats its frowned-upon practices, despite being criticized by every United States District Judge in Arkansas.[5]

What sets this particular case apart is that SLF was caught negotiating liability and fees simultaneously, despite attestations to the contrary. The Joint Motion to Approve asserted that, "Attorneys' fees in this case were negotiated <u>entirely separately</u> from any negotiation of Plaintiffs' and opt-in Plaintiffs' settlement amount . . . ."[6] Yet, that assertion was contradicted by the record. SLF's own words (not speculation) that revealed the issue. An email SLF sent reads:

> <u>While I understand the reticence on your client's part regarding the attorneys' fees</u> number, I think focusing on the global offer should give them some comfort that <u>they are getting a substantial discount on total liability</u> + fees (which is upwards of $450k) that they could face should this go to trial . . . ."[7]

Removing the extraneous words, the sentence reads: "While I understand the reticence on your client's part regarding the attorneys' fees . . . they are getting a substantial discount on total

---

[3]Despite SLF's attempt to label this action as unusual, it happens often when judges see legal issues that will likely have to be addressed by other judges in the Eastern District of Arkansas.

[4]Doc. No. 106.

[5]Judge Susan Webber Wright has not addressed the issue, but as part of her senior status, she does not take FLSA cases.

[6]Doc. No. 81 (emphasis in original).

[7]Doc. No. 82-1 (emphasis added).

liability . . . ." Yet, SLF told me (and continued to repeat the claim)[8] that liability and fees were negotiated separately.

Additionally, SLF demanded $115,000 in fees despite having done less than $25,000 in work – and that was at hourly rates that have been slashed repeatedly. Ultimately, SLF agreed to take $96,000 in fees, while still having performed less than $30,000 in work.[9]

So, my required judicial review discovered that (1) the statement that liability and fees were negotiated entirely separately was <u>not</u> accurate and (2) SLF was demanding fees it had not earned and did not reasonably expect to earn.[10] This <u>is</u> unusual, I hope.

### 3. Every Federal Judge in Arkansas Has Criticized SLF Fee Petitions

SLF repeated claims that the general public would believe I have a bias against it without merit. However, an informed person would know that every judge in the Arkansas Federal Judiciary has criticized SLF's hourly rates and billing practices, as mentioned above. These cases have been cited repeatedly, so I am not going to list them again.[11] Furthermore, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion, and judicial remarks . . . that are critical or disapproving of, or even hostile to a party ordinarily do not support a bias or partiality challenge."[12]

---

[8]Doc. Nos. 84, 87.

[9]*See* Doc. Nos. 83, 85, 88, 95.

[10]The issue is discussed in greater detail in the April 13, 2020 Order (Doc. No. 83).

[11]*See* Doc. No. 103.

[12]*United States v. Thomason*, 991 F.3d 910, 916 (8th Cir. 2021) (quoting *Liteky v. United States,* 510 U.S. 540 (1994) (internal quotations omitted).

3

4.     **Review of Entire Record Required**

A review of the entire record in this case (and the records in the other cases cited by SLF) would reveal many of the inaccuracies and one-sided interpretations in the instant motion. An impartial and informed reviewer would notice that SLF's allegations are unsupported.

5.     **"Stranger to the Proceedings"**

SLF asserts that "in at least one instance, a stranger to the proceedings has concluded that the Court is biased against SLF."[13] Based on the brief, it appears that the "stranger to the proceeding" is a local law school professor who appears to have provided the paper a quote after reading the original *Vines* fees order. However, there is not indication that he read <u>any</u> of the other relevant orders before giving his quote. Had there been full disclosure, SLF's motion would have mentioned that the "stranger to the proceeding" recently presented oral argument to the Eighth Circuit on SLF's behalf.[14]

6.     **SLF Seeks Recusal Only When Fees Are the Issue**

Finally, and most fatal to SLF's argument, SLF currently has fifteen open cases before me, but has not filed a motion to recuse in any of them. Notably, SLF files motion to recuse <u>only</u> in cases where I have to resolve lawyers' fees. Furthermore, I have handled numerous motions for conditional class certification and dispositive motions which involved SLF, but no motions to recuse were filed in those cases.[15] By no means am I inviting frivolous motions to recuse in all SLF cases before me, but it is clear that SLF only takes issue with my presiding over its cases

---

[13]Doc. No. 106.

[14]See *Burton v. Nilkanth Pizza Inc., et al.*, No. 20-2094 (8th Cir. Sept. 23, 2021).

[15]The rulings were both for and against SLF, depending on the specific case, but no argument of judicial bias was ever raised.

when I have to review fees.[16]  This cuts against SLF's argument about clients and the public not concluding that SLF would get a fair shake before me.

## CONCLUSION

For the reasons set out above, Plaintiffs' Motion to Recuse (Doc. No. 105) is DENIED.

IT IS SO ORDERED this 12th day of October, 2021.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[16] *White v. Nat'l Football League*, 585 F.3d 1129, 1141 (8th Cir. 2009) ("A motion to recuse should not be withheld as a fallback position to be asserted only after an adverse ruling.").