IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY VINES and DOMINIQUE LEWIS,                                           PLAINTIFFS
Individually and on Behalf of All Others Similarly Situated

VS.                               4:18-CV-00509-BRW

WELSPUN PIPES, INC., *et al.*                                                DEFENDANTS

## ORDER

Pending is Plaintiffs' Motion to Alter Judgment Under Rule 59(e) and For Leave to File Supplemental Petition for Costs and Fees (Doc. No. 107). Defendants have responded.[1] The motion is DENIED.

Plaintiffs complain that, after remand, I entered a "premature" lawyers' fees order and their "rights . . . were again violated by this Court in connection with the fee award."[2] They also assert that they were the prevailing party on appeal, so they should be allowed to supplement their motion for lawyers' fees with the amounts incurred on appeal.

First, there is nothing untoward about swift rulings when the issues are fully briefed, as they were in this case. Second, no rights were violated – Plaintiffs are not a prevailing party at this point, as explained below.

On appeal, Plaintiffs' argued: (1) I erred in reviewing the parties' agreement as to lawyers' fees; (2) I erred in refusing to approve the parties' proposed settlement agreement; (3) I abused my discretion in awarding $1.00 as a reasonable lawyers' fees; and (4) this case should be reassigned to a different district judge.[3] However, the Eighth Circuit rejected points 1 and 2,

---

[1] Doc. No. 110.

[2] Doc. No. 107.

[3] *Vines v. Welspun Pipes, Inc. et al.*, No. 20-2168 (8th Cir Aug. 3, 2020).

1

finding there was "sufficient evidence in the record for the district court to have determined that the wage claim and the attorneys' fees were not separately negotiated."[4]  It also rejected point 4, denying Plaintiffs' request to reassign the case to another district judge.  As to point 3, the court expressed some doubt whether $1 fee was reasonable, but, ultimately, made no finding on the lawyers' fees order.  Instead, it remanded the case, finding that the "record contain[ed] no lodestar calculation."[5]  It seems to me that Plaintiffs' prevailing party argument and request for additional fees and costs are actually premature, because there has been no definitive ruling on the fees award and all Plaintiffs' other claims for relief were unequivocally rejected by the Eighth Circuit.

The September 8, 2021 Order now has the required lodestar calculation.[6]  If Plaintiffs successfully appeal that Order, then they may raise this issue again.

IT IS SO ORDERED this 18th day of October, 2021.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[4]Doc. No. 100.

[5]*Id.*

[6]Doc. No. 103.