# United States Court of Appeals
### For The Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 29, 2023

Mr. Josh Sanford
SANFORD LAW FIRM
Kirkpatrick Plaza, Suite 510
10800 Financial Centre Parkway
Little Rock, AR  72211

RE:  21-3537  Anthony Vines, et al v. Welspun Pipes Inc., et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

MTB

Enclosure(s)

cc:   Mr. Alexander Dylan Clark
      Ms.  Clerk, U.S. District Court, Eastern District of Arkansas
      Mr. J. Bruce Cross
      Mr. Daniel D. Ford
      Mr. Gregory J. Northen

       District Court/Agency Case Number(s):   4:18-cv-00509-BRW

# United States Court of Appeals
### For the Eighth Circuit

No. 21-3537

Anthony Vines, on behalf of himself and all others similarly situated; Dominique Lewis, on behalf of himself and all others similarly situated

*Plaintiffs - Appellants*

v.

Welspun Pipes Inc.; Welspun Tubular LLC; Welspun USA, Inc.

*Defendants - Appellees*

Appeal from United States District Court
for the Eastern District of Arkansas - Central

Submitted: May 11, 2023
Filed: June 29, 2023
[Unpublished]

Before SMITH, Chief Judge, COLLOTON and BENTON, Circuit Judges.

PER CURIAM.

Anthony Vines and Dominique Lewis brought a class action against the defendant companies (collectively, "Welspun") under the Fair Labor Standards Act

(FLSA) and the Arkansas Minimum Wage Act (AMWA). The district court[1] ultimately approved the wage-claim settlement. Thereafter, Vines and Lewis moved for an award of attorneys' fees and costs. The district court partially granted the motion, awarding $1.00 in fees to the plaintiffs because of the billing practices of their law firm, Sanford Law Firm, PLLC (SLF). Alternatively, the district court noted that it would award $25,000 in fees if $1.00 was improper.

On appeal, we "vacate[d] the award of attorneys' fees" "[b]ecause the record contain[ed] no lodestar calculation." *Vines v. Welspun Pipes Inc. (Vines I)*, 9 F.4th 849, 857 (8th Cir. 2021). In doing so, we expressly "note[d] that '[i]t is well within the district court's broad discretion . . . to consider . . . the party's unprofessional conduct in the case'" "after the district court calculates the lodestar and has moved on to reducing that number." *Id.* (second, third, and fourth alterations in original) (quoting *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012) (contractual fee award)); *see also Skender v. Eden Isle Corp.*, 33 F.4th 515, 522 (8th Cir. 2022) (FLSA case quoting *Wescott*).

On remand, the district court proceeded exactly as we directed: First, it calculated a lodestar of $14,056.50. Second, it reduced the attorneys' fee award to $500.00 "based on SLF's egregious conduct." R. Doc. 103, at 23. The district court detailed a multitude of reasons for the reduction, including SLF's rejection of "a substantial settlement offer," *id.* at 24; an "[u]nearned fee demand[]," *id.* at 25; and "deterrence for [SLF's] unprofessional conduct," *id.* at 29 (internal quotation marks omitted).

Vines and Lewis then moved to amend the judgment under Federal Rule of Civil Procedure 59(e) and for leave to file a supplemental petition for costs and fees.

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

They requested an opportunity to petition for fees related to their successful *Vines I* appeal. The district court denied the motion. It concluded that they were not a prevailing party on appeal "because there has been no definitive ruling on the fees award and *all* [p]laintiffs' other claims for relief were unequivocally rejected by the Eighth Circuit." R. Doc. 112, at 2.

Vines and Lewis once again appeal the attorneys' fee award. This time, they argue that the district court erroneously

> (1) award[ed] a fee amount that was not based in the lodestar calculation; (2) us[ed] the FLSA's statutory fee award as a vehicle for sanctions; (3) fail[ed] to provide [them] with notice and an opportunity to respond prior to entering sanctions; and (4) f[ound] that [they] were not prevailing parties and refus[ed] to award any fees related to the appeal.

Appellants' Br. at 2.

We find no abuse of discretion in the district court's award of $500.00 in attorneys' fees. *See Vines I*, 9 F.4th at 855 (standard of review). The district court complied to the letter with our directive on how to calculate an award of attorneys' fees and provided ample justification for reducing the lodestar based on SLF's unprofessional conduct. *See id.* at 857. "As we've said before, '[t]he trial court knows the case best. It knows what the lawyers have done, and how well they have done it. It knows what these efforts are worth." *Skender*, 33 F.4th at 522 (alteration in original) (quoting *Young v. City of Little Rock*, 249 F.3d 730, 737 (8th Cir. 2001)).

Nor did the district court err in determining that Vines and Lewis are not prevailing parties. *See Yarbrough v. Cuomo*, 209 F.3d 700, 703 (8th Cir. 2000) ("We review for clear error the court's factual findings underlying its determination of prevailing party status, but we consider de novo the legal question whether those facts

suffice to render the plaintiff a prevailing party."). The FLSA provides that a "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "An additional attorney's fee for services rendered on appeal is permissible under 29 U.S.C. § 216(b)." *Clymore v. Far-Mar-Co, Inc.*, 576 F. Supp. 1161, 1164 (W.D. Mo. 1983) (citing *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1150 (5th Cir. 1970))." But, "[i]n general, if a plaintiff prevails in the district court, but then seeks and fails to obtain greater relief on appeal, he or she 'will be hard pressed to demonstrate an entitlement to . . . attorney's fees on appeal.'" *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005) (alteration in original) (quoting *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988)).

Vines and Lewis did not obtain the "greater relief on appeal" that they sought in *Vines I*. *See id.* First, we rejected their argument "that the district court erred in denying the March 2020 motion for approval of settlement." *Vines I*, 9 F.4th at 853. Second, we rejected their request for us to reassign the case to a new district judge on remand. *Id.* at 858. Third, while we did vacate the district court's award of attorneys' fees and remand for further proceedings, we never definitively ruled on the fee-award issue. *See id.* As a result, the district court correctly concluded that Vines and Lewis were not prevailing parties in *Vines I* entitled to an award of appellate attorneys' fees.

Accordingly, we affirm the judgment of the district court.

_____

-4-

# John Hibbs

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Sent:** | Thursday, June 29, 2023 10:00 AM |
| **Subject:** | 21-3537 Anthony Vines, et al v. Welspun Pipes Inc., et al "per curiam opinion filed" (4:18-cv-00509-BRW) |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**Eighth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was filed on 06/29/2023

| | |
|---|---|
| **Case Name:** | Anthony Vines, et al v. Welspun Pipes Inc., et al |
| **Case Number:** | 21-3537 |
| **Document(s):** | Document(s) |

**Docket Text:**
PER CURIAM OPINION FILED - THE COURT: Lavenski R. Smith, Steven M. Colloton and Duane Benton (UNPUBLISHED) [5291146] [21-3537] (Maddison Barra)

**Notice will be electronically mailed to:**

Mr. J. Bruce Cross: bcross@cgwg.com, kminix@cgwg.com
Mr. Josh Sanford: sanfordlawfirm@recap.email, ecfnotices@sanfordlawfirm.com
Mr. Gregory J. Northen: gnorthen@southernadmin.com
Mr. Alexander Dylan Clark: aclark@cgwg.com, ccarrethers@cgwg.com
Mr. Daniel D. Ford: daniel@sanfordlawfirm.com, ecfnotices@sanfordlawfirm.com
Ms. Clerk, U.S. District Court, Eastern District of Arkansas, Clerk of Court: ared_appeals@ared.uscourts.gov

The following document(s) are associated with this transaction:
**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/MaddisonBarra_213537_5291146_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=06/29/2023] [FileNumber=5291146-1]
[627e2e8fd26fe1371479ee45c1fffa5309129bb9d7a4c58c968d9c20a92b2588105386d228bfafcdf4b779c393526b8331e8
66d323fa8ffb5aaabea489700be7]]
**Recipients:**

- Mr. Alexander Dylan Clark
- Ms. Clerk, U.S. District Court, Eastern District of Arkansas, Clerk of Court

- [Mr. J. Bruce Cross](#)
- [Mr. Daniel D. Ford](#)
- [Mr. Gregory J. Northen](#)
- [Mr. Josh Sanford](#)

**Document Description:** Opinion
**Original Filename:** 213537U.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=06/29/2023] [FileNumber=5291146-0]
[af6f2488d97084df012fe354d39f23787b2e34572f6aa698c4db65cbdbe1d0caf9fead8f1e3a7248855e9ae1a17b8c1faf658
c5954fb5f360d4c09106965a37b]]

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 5291146
**RELIEF(S) DOCKETED:**
  not for publication
**DOCKET PART(S) ADDED:** 7306446, 7306447, 7306448