IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY VINES and DOMINIQUE LEWIS,                                    PLAINTIFFS
Individually and on Behalf of All Others Similarly Situated

VS.                         4:18-CV-00509-BRW

WELSPUN PIPES, INC., *et al.*                                         DEFENDANTS

## SHOW CAUSE ORDER

### I.  BACKGROUND

The history of this case can be found in several previous orders.[1] Essentially, this case was drawn out because the Sanford Law Firm ("SLF") wanted to be paid for work it never performed and never intended to perform. Additionally, the work SLF actually did perform was billed at inflated hourly rates and far exceeded the number of reasonable hours that should have been devoted to this case. Since the day Defendants handed over a payroll summary, this case has been about how much money SLF could squeeze[2] from Defendants in lawyers' fees. And SLF did this by simultaneously negotiating settlement of liability and fees, in violation of *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019), while claiming no such thing happened.

### II.  SETTLEMENT NEGOTIATIONS

On June 25, 2019, SLF made a demand of $450,000, of which $26,667.28 would have been fees (unless it intended to enforce the 40% contingency fee agreements). Clearly fees and liability were negotiated simultaneously. Notably, this was five days after the *Barbee* decision was issued – a case in which SLF was plaintiff's counsel.

---

[1] See *Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRW, 2020 WL 3062384 (E.D. Ark. June 9, 2020); *Vines v. Welspun Pipes, Inc.*, 453 F. Supp. 3d 1156 (E.D. Ark. 2020); and *Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRW, at Doc. No. 85.

[2] Used euphemistically.

On August 7, 2019, Defendants offered to pay 50% of the alleged damages, an equal amount of liquidated damages, and lawyers' fees of $25,000.[3] In the discussions that followed, the only amount that ever changed was the offer and demand for lawyers' fees. Defendants offered lawyers' fees of $25,000 (August 7); $45,000 (August 14); and $84,000 (August 19). SLF rejected each offer. Based on the record, the parties agreed on the liability damages no later than August 15, 2019.[4] Yet, the agreement was not final, because acceptance of Defendants' liability damages offer was contingent on SLF getting more fees than Defendants previously offered. SLF's August 15, 2019 email exposes the problem:

> While I understand the <u>reticence on your client's part regarding the attorneys' fees</u> number, I think focusing on the global offer should give them some comfort that <u>they are getting a substantial discount on total liability + fees</u> (which is upwards of $450k) that they could face should this go to trial . . . .[5]

During negotiations, SLF's fees demand went from $26,667.28[6] on June 25, 2019 to $115,000 on August 15, 2019.[7] Yet, only around $3,500 of work was performed during this short period.[8] SLF ultimately agreed to accept $96,000.[9] However, SLF performed a total of only $47,000 worth of work, and this amount is according to its oft-rejected and inflated hourly rates and timekeeping.

---

[3]Doc. No. 82-1.

[4]*Id.*

[5]*Vines*, 453 F. Supp. 3d at 1160 (emphasis added).

[6]This amount assumes that lawyers' fees would be the amount remaining from the $450,000 demand. However, SLF could have enforced the contingency fee agreements, netting $180,000. I would note that I believe the 40% contingency fee in this case is excessive.

[7]Doc. No. 82-1.

[8]*See* Doc. No. 81-4.

[9]Doc. Nos. 79-1, 81-1. However, an earlier settlement agreement indicates that fees were to be $89,000. *See* Doc. No. 59-1.

2

Despite SLF's assertion that I "reached conclusions that do not comport with the reality of the negotiation process,"[10] the Court of Appeals for the Eighth Circuit affirmed my finding that liability and fees were not negotiated separately. Now, after a second appeal, the Eighth Circuit found "no abuse of discretion in the district court's award of $500.00 in attorneys' fees" and that I "provided ample justification for reducing the lodestar based on SLF's unprofessional conduct."[11]

### III. SLF BILLING

Unfortunately, this conduct is not an isolated incident. Every judge in the Eastern and Western Districts of Arkansas has been burdened with SLF's inappropriate and unethical billing and settlement negotiations. Even the Eighth Circuit agreed:

> "I commend to the interested reader a series of orders entered by the district court in this **drawn-out litigation over attorney's fees**. These filings describe, in Judge Wilson's inimitable style, a **course of attorney conduct** in cases under the Fair Labor Standards Act that **is a stain on our system.**"[12]

> "Essentially, SLF **takes low-stakes FLSA cases, overstaffs them, and asks Defendantss to pay for its inefficiencies**. SLF's representation [here] followed that trend."[13]

> "[B]ased on the record before us, it appears that SLF's **negotiating tactics were more akin to a shakedown than** a good faith effort to determine a reasonable fee."[14]

---

[10]Doc. No. 84.

[11]Doc. No. 118.

[12]*Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 858 (8th Cir. 2021) (Colloton, dissenting) (reversed on other grounds) (emphasis added).

[13]*Oden v. Shane Smith Enterprises, Inc.*, 27 F.4th 631, 632 (8th Cir. 2022) (emphasis added).

[14]*Id.* at 634 (emphasis added).

3

"SLF also **demanded $6,000 in attorneys' fees, despite having performed 'less than $1,500 in work at the time it made the demand**.' When pressed on this discrepancy, SLF said that 'in reality that is just how negotiations work; all adults know this.' We disagree."[15]

"SLF **continues to submit excessive fee requests despite warnings** from several courts."[16]

Despite being reprimanded quite directly, SLF continues to demand and collect fees that were never earned or expected to be earned at rates that are arbitrary and contrary to those customarily charged in the locality.[17]

### IV.   CONCLUSION

Accordingly, SLF (through its managing partner Josh Sanford) is directed to show-cause at 2 p.m., on Wednesday, July 19, 2023,[18] as to why it should not be held in contempt of court and sanctioned under Federal Rule of Civil Procedure 11.  More specifically, Rules 11(b)(1) and (b)(2), which relate to "needlessly increas[ing] the cost of litigation" and certifying that "legal contentions are warranted by existing law."

Please feel free to hire outside counsel.

IT IS SO ORDERED this 29th day of June, 2023.

            Billy Roy Wilson
            UNITED STATES DISTRICT JUDGE

---

[15]*Id.* (emphasis added).

[16]*Skender v. Eden Isle Corp.*, 33 F.4th 515, 523 (8th Cir. 2022).

[17]Ark. Rules of Professional Conduct 1.5(a) and 1.5(a)(3). Notably, SLF makes these demands while refusing to turn over billing records first.

[18]The hearing will be in Courtroom A401 of the Richard Sheppard Arnold United States Courthouse in Little Rock, Arkansas.