IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY VINES AND DOMINIQUE LEWIS,
Individually and on Behalf of All Others Similarly Situated          PLAINTIFFS

VS.                              4:18-CV-00509-BRW

WELSPUN PIPES, INC., et al                                            DEFENDANTS

SANFORD LAW FIRM                                                       RESPONDENT

## MOTION FOR BILL OF PARTICULARS WITH INCORPORATED BRIEF

Comes the Respondent, Sanford Law Firm, through its attorney, Jeff Rosenzweig, and for its Motion for Bill of Particulars with Incorporated Brief states:

1. The District Court has issued a show cause order to the Sanford Law Firm (SLF) in which the Court requires to SLF to show cause why it should not be held in contempt of court and sanctioned for violation of Rule 11, FRCP. SLF respectfully submits that the order is inadequate to advise SLF what is alleged to have done and what jeopardy it faces under the order. Hence SLF seeks a bill of particulars in order that it may prepare its defense. See, e.g. *United States v. Balaban*, 26 F.Supp. 491 (N.D Ill. 1939).

1

**CONTEMPT OF COURT**

2. On page 4, the order accuses SLF of contempt of court— not having mentioned contempt previously— but it does not state whether the allegation is of criminal or civil contempt. SLF is entitled to know what formulation of contempt is at issue.

*<u>Criminal contempt</u>*

3. Criminal contempt is a crime in the ordinary sense. *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477 (1968). Criminal contempt litigation is governed by Rule 42, F.R.Crim.P.:

> Rule 42. Criminal Contempt
>
> (a) Disposition After Notice. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.
>
> (1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
>
> (A) state the time and place of the trial;
>
> (B) allow the defendant a reasonable time to prepare a defense; and
>
> (C) state the essential facts constituting the charged criminal contempt and describe it as such.
>
> (2) Appointing a Prosecutor. The court must request that

the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

(3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

(b) Summary Disposition. Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; a magistrate judge may summarily punish a person as provided in 28 U.S.C. §636(e). The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

4. Also relevant is 18 USC § 401. Power of court

   A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
   (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
   (2) Misbehavior of any of its officers in their official transactions;
   (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

5. If the allegation is of criminal contempt, the Show Cause Order does not adequately "state the essential facts constituting the charged criminal contempt and describe it as such." Nor does it identify what disobedience or resistance SLF made or what lawful writ, process, order, rule, decree, or command was disobeyed or resisted.

6. A person charged with criminal contempt also has a right to know what the proposed penalty is.[1] Moreover, if the allegation is of criminal contempt, the Court has not designated the United States Attorney or someone else to prosecute the contempt. Also, depending on what the allegation is, SLF also may exercise its right to jury trial under 18 U.S.C.A. § 3691.

***Civil contempt***

7. The essential difference between criminal and civil contempt is that whereas criminal contempt is to punish for past actions, civil contempt is to coerce compliance with present obligations. If the allegation is of civil contempt, the order does not identify the court order SLF is accused of violating and what the SLF can do to purge itself, the ability to purge oneself of contempt being an essential element

---

[1] See e.g. Rule 58(b)(2)(A) ("Initial Appearance. At the defendant's initial appearance on a petty offense or other misdemeanor charge, the magistrate judge must inform the defendant of the following: (A) the charge, and the minimum and maximum penalties, including imprisonment, fines, any special assessment under 18 U.S.C. §3013, and restitution under 18 U.S.C. §3556;)

4

of civil contempt. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829, 114 S.Ct. 2552 (1994).

8. Thus, with regard to the allegation of contempt, SLF is entitled to know which version of contempt it is accused of, and, whichever version it is, the other information to which it is entitled as outlined herein.

## **RULE 11**

9. It has been established that Rule 11 deals with issues different from those presented in a contempt proceeding. *Willy v. Coastal Corp*., 503 U.S. 131, 138-139, 112 S.Ct. 1076, 1081 (1994). SLF respectfully submits that it cannot prepare and present its defense without the information described infr*a*.

### ***Problems related to non-specificity:***

10. The Show Cause Order accuses SLF of violating Rules 11(b)(1) by "needlessly increas[ing] the cost of litigation" and and Rule 11(b)(2) by "certifying that 'legal contentions are warranted by existing law.'"

11. The order does not specify what specific pleadings or advocacy by SLF needlessly increased the cost of litigation and what certifications it is deemed to have made violated the warranted-by-existing-law requirement. SLF thus respectfully seeks that the Court inform it (i) what specific pleadings or advocacy by SLF needlessly increased the cost of litigation and (ii) what certifications by it violated the

warranted-by-existing-law requirement.

### *Problems related to delay*:

12. Rule 11 is essentially an equitable proceeding. The issue of delay in pursuit of sanctions is to be resolved on a case-by-case analysis. *In re Kunstler*, 914 F.2d 505, 513. (4th Cir. 1990). See also *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 398, 110 S.Ct. 2447 (1990)[2]  In this matter, there appears to be nothing in the Show Cause Order regarding actions SLF took in this case that could not have been presented years ago.

- On April 13, 2020, this Court held that attorney fees in settlement agreement were not negotiated entirely separately from any negotiation of settlement amount, and thus approval of settlement was unwarranted. (Doc. 83). This was reported as *Vines v. Welspun Pipes*, 453 F.Supp.3d 1156 (EDAR, 2020)

- On June 9, 2020, this Court held that Plaintiffs' lawyers are entitled to $1.00 in lawyers' fees and $2,790.87. in costs from Defendant. (Doc. 95).

---

[2] The Supreme Court there stated:

> Although Rule 11 does not establish a deadline for the imposition of sanctions, the Advisory Committee did not contemplate that there would be a lengthy delay prior to their imposition, such as occurred in this case. Rather, "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter. (At 398)

- ❏ On August 18, 2021, the Eighth Circuit reversed the above order for failure to calculate attorneys fees using the lodestar method before reducing for alleged unprofessional conduct. *Vines v. Welspun Pipes*, 9 F.4th 849 (8th Cir. 2021)

- ❏ On September 8, 2021, this Court held (Doc. 103) that SLF was entitled to $500.00 in lawyers' fees and $2,790.87 in costs from Defendants. Alternatively, the Court held that in the event that the award of a nominal fee was rejected, SLF should be awarded, $7,028.25 in fees, reduced 50% because of SLF's "unrelenting 'unprofessional conduct.'"

- ❏ On June 23, 2023, the Eighth Circuit affirmed the September 8, 2021 order. *Vines v. Welspun* Pipes, 2023 WL 4247395.

- ❏ Then on June 29, 2023 the Court issued the pending Show Cause Order. (Doc 120).

13. SLF will defend against the Show Cause Order not only on merits grounds but also by presenting various defenses. These include, but are not limited to, laches and waiver. SLF cannot identify any from the Show Cause Order any allegation of fact or law <u>regarding this case</u> that was not within the Court's knowledge at the time of consideration of the fee request in either 2020 or 2021, i.e. at the time of the filing of Docs. 83, 95 and 103. SLF thus seeks disclosure of any allegation of fact or law which came to the Court's attention subsequent to the consideration of the fee request and the source of the allegation of fact or law.

WHEREFORE, the Sanford Law Firm respectfully prays that the Court advise it of the information requested in this motion, either by bill of particulars or some

other order informing it whether (i) the allegation is of criminal or civil contempt; (ii) that if criminal contempt, what are the essential facts constituting the charged criminal contempt; (iv) if criminal contempt, what is the disobedience or resistance SLF made; (v) if criminal contempt, what is the lawful writ, process, order, rule, decree, or command was disobeyed or resisted; (vii) if criminal contempt, what is the penalty range; (viii) if criminal contempt, who is prosecuting the matter; (ix) if civil contempt, what court order SLF is accused of violating; (x) if civil contempt, what the SLF can do to purge itself of contempt; (xi) regarding Rule 11, what pleadings or advocacy by SLF needlessly increased the cost of litigation; (xii) regarding Rule 11, what certifications by it violated the warranted-by-existing-law requirement; and (xiii) regarding Rule 11, any allegation of fact or law which came to the Court's attention subsequent to the consideration of either fee request and the source of the allegation of fact or law.

        SANFORD LAW FIRM

        /s/ Jeff Rosenzweig
        _____
        JEFF ROSENZWEIG
        Ark. Bar No. 77115
        300 Spring St. Suite 310
        Little Rock, AR 72201
        (501) 372-5247
        jrosenzweig@att.net
        *Attorney for Respondent Sanford Law Firm*